# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Merriweather, 2013 IL App (1st) 113789**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES MERRIWEATHER, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-11-3789 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 30, 2013<br><br>October 11, 2013<br>October 15, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's *pro se* notice of appeal filed following the entry of his negotiated guilty plea to aggravated unlawful use of a weapon required the dismissal of his appeal due to his failure to comply with the provisions of Supreme Court Rule 604(d), which prohibits appeals from judgments entered on guilty pleas unless defendant first files a motion to reconsider his sentence, if defendant's sentence is challenged, or a motion to withdraw the plea, if defendant's plea is challenged. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-20546; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Ginger Leigh Odom, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Veronica Calderon Malavia, and Kathleen Warnick, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Connors and Justice Hoffman concurred in the judgment and opinion.

## OPINION

¶ 1    Following the entry of a negotiated guilty plea for aggravated unlawful use of a weapon in the circuit court of Cook County, defendant James Merriweather was sentenced to three years of imprisonment and a mandatory supervised release (MSR) term of two years. Subsequently, instead of filing a motion to withdraw his guilty plea, the defendant filed a *pro se* notice of appeal before the circuit court. On appeal, the defendant argues that: (1) he had an automatic constitutional right to counsel following the entry of his negotiated guilty plea, regardless of whether he has filed a motion to withdraw his guilty plea; (2) his filing of a *pro se* notice of appeal automatically triggered his constitutional right to counsel so that defense counsel may file any necessary postplea motions before perfecting the defendant's appeal; and (3) alternatively, the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1), (3)(A) (West 2010)) under which he pled guilty was unconstitutional and thus rendered his conviction void. For the following reasons, we dismiss this appeal.

¶ 2                                    BACKGROUND

¶ 3    On November 5, 2010, the defendant was driving a van near 6105 South Eberhart Avenue in Chicago, Illinois, when he was stopped by Chicago police officers for committing a traffic violation. The defendant was unable to produce a valid driver's license or proof of insurance, and the police officers placed him under arrest. A search incident to the arrest revealed a .22-caliber handgun in the defendant's coat pocket. On November 19, 2010, the defendant was charged with multiple counts of aggravated unlawful use of a weapon (AUUW) (counts I to VI), unlawful use or possession of a weapon by a felon (UUWF) (counts VII and VIII), and felony driving while his driver's license was suspended or revoked (count IX).

¶ 4     On December 10, 2010, during a court hearing, the trial court appointed an assistant public defender to represent the defendant. On January 26, 2011, the defendant, represented by counsel, filed a motion to quash arrest and suppress evidence (motion to quash), in which he argued that the police lacked probable cause to arrest him and sought to suppress any evidence stemming from his arrest.

¶ 5     On April 1, 2011, a hearing on the motion to quash was conducted during which Officer Caribou testified to the circumstances leading up to the defendant's arrest. Officer Caribou testified that at about 10:49 p.m. on November 5, 2010, he was near the intersection of Eberhart Avenue and 62nd Street in Chicago when he observed the defendant driving a van at a high speed. He also noticed that the defendant was not wearing a seatbelt. Officer Caribou acknowledged that his police vehicle was not equipped with a radar device so he was unable to determine how fast the defendant's van was traveling. Officer Caribou, along with his partner Officer Williams, stopped the defendant's van as a result of the seatbelt violation. The officers then approached the driver's side of the defendant's vehicle, where Officer Caribou confirmed that the defendant was not wearing a seatbelt, and asked him to produce a driver's license and proof of insurance. The defendant was unable to produce these items and was subsequently placed under arrest. Officer Caribou then searched the defendant's person and recovered a .22-caliber handgun from the defendant's coat pocket. He testified that the police did not issue any citations to the defendant for speeding. The trial court then denied the motion to quash, finding that the defendant's seatbelt violation was sufficient to justify stopping the defendant's vehicle, that probable cause existed to place the defendant under arrest when he was unable to produce a driver's license and proof of insurance, and that the police discovered the handgun during a lawful search incident to his arrest.

¶ 6     On April 15, 2011, at the next court date, the defendant informed the court that he wished to file a *pro se* "motion to reconsider the evidence." The trial court advised the defendant that he was not allowed to file any *pro se* pleadings while he was represented by counsel. The defendant then informed the court that he wished to proceed *pro se*. The trial court then admonished the defendant regarding the charges against him, the possible range of penalties, and his right to counsel. The defendant indicated that he understood the court's admonishments, and the trial court allowed him to proceed *pro se*.

¶ 7     On July 26, 2011, the defendant filed a *pro se* motion to suppress statements he made to the police officers (motion to suppress), arguing that he was not properly advised of his *Miranda* rights. On August 16, 2011, a hearing on the motion to suppress was held during which Officer Caribou testified that he and his partner, Officer Williams, transported the defendant to the police station after they arrested him. Officer Caribou advised the defendant of his *Miranda* rights at the police station, and the defendant indicated that he understood them. The defendant then made an incriminating statement to the officers about the recovered handgun. On cross-examination by the defendant, Officer Caribou testified that no written waiver of rights was signed. During closing arguments at the hearing, the defendant argued that his statement to the police was not voluntary in the absence of a signed written waiver form. Subsequently, the trial court denied the motion to suppress.

¶ 8     On September 14, 2011, the defendant filed a *pro se* motion to reconsider the trial court's

denial of the motion to quash, which the trial court denied. At the next court date on October 26, 2011, the defendant informed the court that he no longer wished to proceed *pro se*. The trial court then reappointed counsel[1] to represent the defendant.

¶ 9        On October 31, 2011, the defendant, represented by counsel, informed the court that he had "submitted an appeal." The trial court informed the defendant that he could not appeal the case on his own because the case was still in progress and the defendant was now represented by counsel.

¶ 10        On November 1, 2011, the defendant, represented by counsel, entered into a negotiated plea of guilty to a single count of AUUW (count III), a Class 2 offense. All other charges (counts I, II, IV to IX) were nol-prossed by the State. In exchange for the negotiated guilty plea, the State recommended that a sentence of three years of imprisonment and two years of MSR be imposed against the defendant. The parties also stipulated that the defendant had a prior conviction for aggravated driving under the influence (aggravated DUI) (case No. 09 CR 05091). The trial court then admonished the defendant regarding the charge against him, the possible range of sentence, and the constitutional rights he would be waiving by pleading guilty–all of which the defendant acknowledged he understood and then expressed the desire to plead guilty. The trial court then found that the evidence adduced in the April 2011 hearing on the motion to quash, and the parties' stipulation that the defendant was a convicted felon, were sufficient to establish the factual basis for the AUUW charge (count III). The trial court also determined that the defendant's plea of guilty was voluntary and sentenced him in accordance with the terms of the plea agreement. The trial court then admonished the defendant as follows:

"[THE COURT]: Mr. Merriweather, even though you've been sentenced to a period of three years in the Department of Corrections based on your plea of guilty followed by two years MSR once you get out of custody, you still have the right to appeal. Before you can do that though, you must file in the trial court within 30 days of today's date a written motion asking that the judgment be vacated for leave to withdraw your plea of guilty, setting forth any reasons you have for doing that in the motion in writing. Do you understand me so far?

[THE DEFENDANT]: Yes, sir.

[THE COURT]: If the motion were made and the motion were allowed, the plea of guilty, the sentence, the judgment vacated or taken back, the case will be set for trial on the charge to which you just pled guilty. Do you understand that also[?]

[THE DEFENDANT]: Yes.

[THE COURT]: At the State's request, any charge that might have been dismissed as part of the plea agreement, those being Counts 1 and 2 and 4 through 9, will be reinstated and set for trial also. Do you understand that as well?

[THE DEFENDANT]: Yes.

---

[1]The defendant's original assistant Public Defender was no longer available. Therefore, another assistant Public Defender was appointed to represent the defendant.

[THE COURT]: If you're indigent, a copy of this transcript will be given to you free of charge, a lawyer free of charge also, to assist you in preparing the motion if you decide to file one. Do you understand that as well?

[THE DEFENDANT]: Yes.

[THE COURT]: Any appeal taken from the judgment of the plea of guilty, any issue or claim of error not put in the motion to vacate the judgment, take back the guilty plea, will be waived or given up. Do you understand that also?

[THE DEFENDANT]: Yes."

¶ 11    Subsequently, the defendant did not file a motion to withdraw his guilty plea. Instead, on November 29, 2011, the defendant filed a *pro se* notice of appeal, which alleged that defense counsel provided ineffective assistance and that the State "failed to prove its burden [of] proof" and requested that an attorney be provided to represent him. On December 9, 2011, counsel from the Office of the State Appellate Defender was appointed to represent the defendant on appeal.

¶ 12                                    ANALYSIS

¶ 13    We determine whether the defendant's filing of a notice of appeal, instead of a motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 10, 2006), is procedurally fatal and warrants dismissal of this case on appeal.

¶ 14    It is undisputed that on November 1, 2011, the defendant, while represented by counsel, entered into a negotiated guilty plea on a charge of AUUW (count III). A negotiated plea is "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Illinois Supreme Court Rule 604(d) dictates that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which [the] sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Feb. 10, 2006). The purpose of Rule 604(d) is " 'to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *People v. Skyrd*, 241 Ill. 2d 34, 39-40 (2011) (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)). "The rule was designed to eliminate needless trips to the appellate court and to give the circuit court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where a defendant's claim is disallowed." *Skyrd*, 241 Ill. 2d at 40. Accordingly, the procedural requirements under Rule 604(d) are a "condition precedent" for an appeal from a defendant's guilty plea. (Internal quotation marks omitted.) *Id.* As a general rule, the failure to file a timely motion under Rule 604(d) precludes the appellate court from considering the appeal on its merits. *Id.* "Where a defendant has failed to file a motion to withdraw the guilty plea, the appellate

court must dismiss the appeal." *Id.*

¶ 15 In *Wilk*, our supreme court consolidated four cases and addressed whether the appellate court properly dismissed the appeals from judgments entered on guilty pleas where the defendants filed notices of appeal without first filing motions to withdraw their guilty pleas as required under Rule 604(d). *Wilk*, 124 Ill. 2d at 99. Two of the defendants, Wilk and Wright, filed their notices of appeal without first filing a Rule 604(d) motion to withdraw their guilty pleas. *Id.* at 102. The remaining two defendants, Brown and Erickson, also failed to file a Rule 604(d) motion to withdraw their guilty pleas, but did file a motion to reconsider their sentences before proceeding to appeal their sentences. *Id.* Our supreme court held that the appellate court properly dismissed the appeals filed by defendants Wilk and Wright because they failed to first file a Rule 604(d) motion to withdraw their guilty pleas before filing their notices of appeal from judgments entered on their guilty pleas. *Id.* at 107. This holding, the *Wilk* court concluded, did not leave Wilk and Wright without a remedy because they may raise constitutional claims in postconviction petitions. *Id.* However, the court reversed the dismissal of appeals filed by defendants Brown and Erickson, finding that they each had properly filed a motion to reconsider their sentences *prior* to filing their notices of appeal, and that it was unnecessary for them to file a Rule 604(d) motion to withdraw their guilty pleas because they were not appealing their guilty pleas. *Id.* at 109-10. The court then affirmed dismissal of the appeals filed by Wilk and Wright, but reversed and remanded Brown's and Erickson's cases to the appellate court for review of the sentences imposed. *Id.* at 110.

¶ 16 Like defendants Wilk and Wright, the defendant in the instant case filed a notice of appeal without first filing a motion to withdraw the guilty plea as required by Rule 304(d). There is no indication in the record that the defendant was appealing only the sentence imposed upon him, or that he had filed a motion to reconsider sentence prior to filing a notice of appeal. Thus, we find that the defendant failed to comply with the requirements of Rule 604(d). See *People v. Gougisha*, 347 Ill. App. 3d 158, 161 (2004) (the Illinois Supreme Court requires strict compliance with Rule 604(d)).

¶ 17 An exception exists to excuse a defendant's noncompliance with Rule 604(d) when the trial court fails to substantially admonish the defendant of the Rule 604(d) procedural requirements. Under the "admonition exception" to the Rule 604(d) motion requirement, an appellate court may consider an appeal despite the defendant's noncompliance with Rule 604(d) in cases where the trial court fails to give sufficient admonishments under Rule 605(c). *Gougisha*, 347 Ill. App. 3d at 161. Rule 605(c) provides that, following the entry of a negotiated guilty plea, the trial court shall admonish the defendant of the following:

"(1) that the defendant has the right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which the sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 18 A trial court is required to comply with the admonition requirements of Rule 605(c) and must substantially advise the defendant of each subsection. *Gougisha*, 347 Ill. App. 3d at 162. However, the trial court is not required to use the exact language of the rule. *Id.*

¶ 19 On appeal, the defendant in this case does not challenge the propriety of the trial court's Rule 605(c) admonishments. Nor could he, where our review of the record shows that, during the November 1, 2011 hearing, the trial court substantially advised the defendant on each of the requirements under Rule 605(c). The court advised the defendant that he has a right to appeal; that he must file a timely postplea motion to withdraw the guilty plea before appealing; that if the postplea motion is granted, the plea will be vacated, a trial date will be set, and any other charges may be reinstated; that if he is indigent, a transcript of the proceedings and an attorney would be provided to the defendant free of charge; and that any issue not raised in the postplea motion will be waived for appeal. Thus, the "admonition exception" was not triggered to excuse the defendant from complying with the procedural requirement of Rule 604(d), and the defendant should have filed a motion to withdraw his guilty plea before appealing from the judgment.

¶ 20 In an attempt to avoid the consequences of failing to comply with Rule 604(d), the defendant argues that the trial court's Rule 605(c) oral admonishments were "packed full of information," "difficult to recall," and that he followed the instructions as best he could. In support of this contention, he contrasts the instant case with *People v. Dominguez*, 2012 IL 111336, in which a defendant was provided with both written and oral admonishments. We find the defendant's reliance on *Dominguez* to be misplaced. *Dominguez* involved a defendant who did not speak English, received assistance from a Spanish language interpreter, and was represented by counsel at the time he pled guilty to criminal sexual assault of a child. *Id.* ¶¶ 3-6. The trial court provided both oral and written Rule 605(c) admonishments to the defendant, and the defendant acknowledged his understanding of those rights by signing the written admonishments form. *Id.* ¶ 6. Thereafter, the defendant filed a *pro se* notice of appeal without filing a postplea motion. *Id.* ¶ 7. The appellate court dismissed the appeal, finding that the defendant had failed to file proper postplea motions to perfect his appeal. *Id.* ¶ 8. Our supreme court affirmed the appellate court's dismissal of the appeal, finding that the trial court adequately admonished the defendant under Rule 605(c) and that the written admonishments tendered to the defendant could be considered as a supplement to, but not a substitute for, the trial court's oral admonishments in determining whether the defendant was substantially advised under Rule 605(c). *Id.* ¶ 27. We find nothing

-7-

in *Dominguez* to suggest expanding Rule 605(c) to require the giving of *written* Rule 605(c) admonishments to a defendant, as the defendant in this case seems to advocate. As discussed, the defendant at bar was properly admonished by the trial court pursuant to Rule 605(c), and could not be excused for failing to comply with the Rule 604(d) procedural requirements. Thus, we reject the defendant's arguments on this basis.

¶ 21    Likewise, the defendant argues that the *pro se* "notice of appeal" he filed was mislabeled as a notice of appeal, when in fact the content of the document revealed his desire to withdraw his guilty plea. We reject this contention. The content of the document at issue, apart from its "notice of appeal" title, stated that the defendant "gives notice that an appeal is taken from the order of judgment." The document contained a heading for the "Appellate Court of Illinois" and set forth the background of his case–including the trial court's disposition of his motion to quash and motion to reconsider the denial of the motion to quash. It further alleged that defense attorney provided ineffective assistance of counsel, that the State "failed to prove its burden [of] proof," and that, "[t]herefore, with these issues *** [defendant's] motions *should have been* granted." (Emphasis added.) We find no indication in the *pro se* notice of appeal that the defendant desired to withdraw his guilty plea, but had inadvertently mislabeled the document as a notice of appeal. The notice of appeal showed that the defendant sought to directly appeal the order of judgment, and the denial of his motion to quash and motion to reconsider, on the basis that his counsel was ineffective and that the State somehow failed to carry its burden of proof during the pretrial proceedings. Further, we find that although the notice of appeal referenced the absence of a speeding citation and the lack of radar equipment in the police vehicle on the date of incident, this could not be construed as a challenge to the factual basis for the AUUW charge, where the trial court specifically found that the defendant's seatbelt violation was sufficient to justify stopping his vehicle and the police officers had probable cause to arrest and search the defendant upon his failure to produce a valid driver's license and proof of insurance. Thus, we reject the defendant's arguments on this basis.

¶ 22    Notwithstanding the defendant's noncompliance with Rule 604(d), the defendant argues that Rule 604(d) should be construed by this court to provide a defendant with an automatic right to counsel during the 30-day period following a guilty plea, so that counsel could assist the defendant in filing the requisite postplea motion. He contends that the 30-day period following a guilty plea is a "critical stage" of the criminal process because a defendant could lose his right to appellate review if he files a notice of appeal instead of a motion to withdraw plea. Thus, he argues, Rule 604(d) should be interpreted to require the appointment of counsel where a defendant files *any pro se* document in the trial court requesting the appointment of counsel within the 30-day period. The defendant requests that this court remand the case for appointment of counsel and further proceedings.

¶ 23    The State counters that the defendant's attempts to circumvent the Rule 604(d) requirements should be rejected and that his appeal should be dismissed for failing to file a motion to withdraw the guilty plea within 30 days of pleading guilty. The State argues that the 30-day period following the defendant's guilty plea was not a critical stage of the criminal proceedings during which he had a constitutional right to counsel. The State contends that the request for counsel in the defendant's notice of appeal was a request for

-8-

appellate counsel, not trial counsel, and that jurisdiction was transferred to the appellate court once the defendant filed a notice of appeal. The State further asserts that the trial court had properly admonished the defendant under Rule 605(c) regarding the procedural requirements of Rule 604(d), and that the defendant may raise any claims of ineffective assistance of counsel in a postconviction petition.

¶ 24    Rule 604(d) provides that the appointment of counsel is conditioned upon the defendant's filing of a timely motion to withdraw the guilty plea. Ill. S. Ct. R. 604(d) (eff. Feb. 10, 2006) (following a defendant's filing of a timely postplea motion to withdraw the guilty plea or motion to reconsider the sentence, the trial court "shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel"). "The rules of statutory interpretation are applied with equal force to supreme court rules." *Dominguez*, 2012 IL 111336, ¶ 16. "The primary objective is to ascertain and give effect to the rule's drafters' intent, the surest and most reliable indicator of which is the language of the rule itself, given its plain and ordinary meaning." *Id.* In determining the plain meaning of the rule's terms, we consider the rule in its entirety, and, where the language of the rule is clear and unambiguous, we must apply it as written without resort to extrinsic aids to statutory construction. *Id.* "We interpret the rule so that no part of it is rendered meaningless or superfluous and we do not depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *Id.*

¶ 25    We find the plain language of Rule 604(d) to be clear and unambiguous. Reading the terms of the rule in their entirety, we find that Rule 604(d) expressly states that the trial court shall appoint counsel to represent an indigent defendant, if the defendant so chooses, *after* he files a proper postplea motion. See Ill. S. Ct. R. 604(d) (eff. Feb. 10, 2006). The plain language of the rule states that no appeal shall be taken from a judgment entered upon a guilty plea unless the defendant files with the trial court within 30 days of sentencing either a postplea motion to reconsider the sentence (if only the sentence is being challenged) or a motion to withdraw the guilty plea and vacate the judgment (if the plea is being challenged). *Id.* The rule further provides that counsel who is appointed to represent a defendant after the defendant's filing of a proper postplea motion shall file a certificate before the trial court stating, *inter alia*, that counsel "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.* To construe Rule 604(d) to mean that a defendant has an automatic right to counsel during the 30-day period after sentencing would render meaningless and superfluous the rule's language specifically requiring the defendant to first file a postplea motion to reconsider sentence or motion to withdraw a guilty plea, as well as the rule's language pertaining to an appointed counsel's *amendments* to the postplea motion that was initially filed by the defendant. We decline to do so.

¶ 26    The defendant cites *People v. Brooks*, 233 Ill. 2d 146 (2009), in support of his contention that counsel should have been appointed to represent him upon his filing of any *pro se* documents in the trial court during the 30-day period following his guilty plea. We disagree and instead find that *Brooks* supports dismissal of the defendant's appeal. In *Brooks*, the defendant pled guilty to criminal sexual assault and was properly admonished by the trial

court of the procedural requirements under Rule 604(d). *Id.* at 148. Rather than file the requisite postplea motion, the defendant sent a letter to the clerk of the circuit court stating that he wanted to appeal his sentencing. *Id.* The clerk then filed the letter as a notice of appeal. *Id.* Thereafter, the appellate court dismissed the appeal for failure to comply with Rule 604(d) requirements. *Id.* The defendant then filed a *pro se* postconviction petition seeking to have his sentence vacated. *Id.* The postconviction petition alleged that the trial court violated his due process rights when it failed to appoint counsel to amend his letter to the clerk as a motion to reconsider sentence, and that he had received ineffective assistance of counsel because his trial attorney had told him to send the letter. *Id.* at 149. The circuit court summarily dismissed the defendant's postconviction petition but the appellate court reversed and remanded the cause for further proceedings. *Id.* On the State's petition for leave to appeal, our supreme court affirmed the appellate court's judgment, albeit on different grounds, finding that the defendant could not argue that he was deprived of a right to counsel when the defendant's own postconviction petition made it clear that he had met with his attorney after the sentencing hearing and had discussed the sentence that had been imposed. *Id.* at 156. The *Brooks* court then found that the defendant's postconviction petition had stated the gist of a claim of ineffective assistance of counsel by alleging that his trial attorney erroneously told him to send the letter to the clerk. *Id.* We find nothing in *Brooks* to suggest that, in general, defendants have an absolute right to counsel during the 30-day period following the entry of a judgment on a guilty plea and the imposition of a sentence, without first filing the requisite postplea motion before the trial judge who imposed the sentence. To find otherwise would be in direct contravention to the plain language of Rule 604(d). Rather, in rejecting the defendant's due process claim, the *Brooks* court reiterated that the defendant must be held to the consequences of failing to comply with Rule 604(d). *Id.* at 155-56. Thus, applying the same reasoning, we reject the defendant's arguments on this basis.

¶ 27    Nor do we find applicable the defendant's cited cases, *People v. Griffin*, 305 Ill. App. 3d 326 (1999), and *People v. Barnes*, 291 Ill. App. 3d 545 (1997), in support of his contention that the trial court should have appointed counsel to represent him upon his filing of the *pro se* notice of appeal. We find that neither the *Griffin* defendant nor the *Barnes* defendant filed a notice of appeal, as did the defendant in the case at bar, *prior* to filing a postplea motion under Rule 604(d). In *Barnes*, within 30 days following a guilty plea and the imposition of sentence, the defendant submitted a handwritten letter addressed to the trial judge requesting a modification of her sentence. *Barnes*, 291 Ill. App. 3d at 547. On appeal from the trial court's denial of the *pro se* postplea motion without affording the *Barnes* defendant a hearing or the appointment of counsel, the reviewing court remanded the case for the appointment of counsel and amendment of her postplea motion on the basis that the handwritten letter triggered the trial court's affirmative duty to inquire whether the defendant required counsel. *Id.* at 548. In *Griffin*, the defendant, after being admonished by the trial court pursuant to Rule 605(b), orally sought clarification of the Rule 604(d) motion requirements from the court and asked whether he was entitled to the appointment of counsel. *Griffin*, 305 Ill. App. 3d at 329. The trial court responded that he was so entitled, but declined to advise him further. *Id.* On appeal, the reviewing court remanded the case for the appointment of counsel and the preparation of any postplea motions, finding that the trial court erred in failing to

address the defendant's questions concerning which motions were necessary to perfect an appeal and to receive assistance of counsel, and that the trial court failed to make a determination as to whether the defendant desired the assistance of counsel. *Id.* at 332. We find *Barnes* and *Griffin* to be factually distinguishable from the instant case, where the defendant made no verbal inquiry of the trial court during the sentencing proceedings nor did he file a postplea motion pursuant to Rule 604(d) to trigger the trial court's duty to inquire whether the defendant required counsel. Further, we find that the request for counsel in the defendant's *pro se* notice of appeal was a request for the appointment of *appellate* counsel to represent him on appeal, not a request for the appointment of trial counsel to help the defendant vacate his guilty plea pursuant to Rule 604(d).

¶ 28    We further reject the defendant's arguments that the 30-day period following a guilty plea is a "critical stage" of the criminal process during which a defendant has an absolute right to counsel. He contends that it is a critical stage of the proceedings because a defendant could lose his right to appellate review if he files a notice of appeal instead of a motion to withdraw plea. In support of this contention, the defendant cites *Mempa v. Rhay*, 389 U.S. 128 (1967), and *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012). *Mempa* concerned a defendant who was represented by an attorney when he pled guilty to "joyriding," but was not represented by counsel, nor asked by the trial court if he wished to be appointed counsel, during a subsequent hearing at which the court revoked the defendant's probation and sentenced him to 10 years of imprisonment. *Mempa*, 389 U.S. at 130-31. The *Mempa* Court, noting that certain legal rights could be lost if not exercised at the sentencing hearing, held that the defendant had a right to counsel at this stage of the proceedings. *Id.* at 136. We find *Mempa* to be inapposite and factually distinguishable from the instant case. Unlike *Mempa*, the defendant in the case at bar was represented by counsel during both the negotiated guilty plea phase and the sentencing stage of the proceedings. Likewise, the defendant's reliance on *Martinez* is misplaced, where, unlike the defendant in the instant case who pled guilty, the *Martinez* defendant was tried by a jury under Arizona law and the case concerned postconviction proceedings alleging ineffective assistance of counsel. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1320.

¶ 29    The defendant argues in the alternative that Illinois Supreme Court Rule 606(a) (eff. Sept. 1, 2006), which governs the perfection of appeals, should be construed by this court as requiring the appointment of counsel to assist with perfecting an appeal whenever an indigent defendant, who has pled guilty, files a *pro se* notice of appeal. He contends that because a defendant has a constitutional right to counsel's assistance in perfecting his appeal, Rule 606(a)'s language permitting a notice of appeal to be filed by a *pro se* defendant, without first securing a knowing waiver of this right, would be rendered unconstitutional unless this court construes Rule 606(a) as requiring the appointment of counsel to assist the defendant with perfecting an appeal upon the defendant's filing of a *pro se* notice of appeal–which he claims is a "critical stage" of the criminal proceedings. Once counsel is appointed, he argues, counsel could then file the necessary postplea motion and "the notice of appeal would be struck and the court would hear the [postplea] motion, thereby removing any impediment to the perfection of [his] appeal." For support, the defendant cites *Evitts v. Lucey*, 469 U.S. 387 (1985), *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), *People v. Ross*, 229 Ill. 2d 255 (2008),

and *Halbert v. Michigan*, 545 U.S. 605 (2005).

¶ 30 The State counters that the filing of a notice of appeal was not a critical stage of the proceedings because it was a ministerial act that only served to confer jurisdiction upon the appellate court. The State argues that Rule 606(a) implicitly rejects the defendant's argument that he had a right to the appointment of counsel upon the filing of his *pro se* notice of appeal, and that the defendant's cited cases fail to advance his arguments.

¶ 31 Rule 606(a) provides the procedure for perfecting an appeal:

"[A]ppeals shall be perfected by filing a notice of appeal with the clerk of the trial court. The notice may be signed by the appellant or his attorney. If the defendant so requests in open court at the time he is advised of his right to appeal or subsequently in writing, the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant. No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." Ill. S. Ct. R. 606(a) (eff. Sept. 1, 2006).

¶ 32 We find the plain language of Rule 606(a) to be clear and unambiguous, which allows for the filing of a notice of appeal by either the appellant or his attorney. Based on this language, Rule 606(a) permits the filing of the notice of appeal by a *pro se* defendant. We decline to depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. See *Dominguez*, 2012 IL 111336, ¶ 16.

¶ 33 We further find the defendant's cited cases to be inapposite. The defendant argues that *Evitts*, *Flores-Ortega* and *Ross*, which concerned claims of ineffective assistance of counsel, support his contention that he had an automatic right to counsel in perfecting the appeal because "where there is no constitutional right to counsel there can be no deprivation of effective assistance." See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, none of these cases stand for the proposition that a defendant who pleads guilty and later defaults on the procedural requirements of Rule 604(d), shall be entitled to the appointment of counsel to assist him in perfecting an appeal upon the filing of a *pro se* notice of appeal under Rule 606(a). *Evitts* involved a jury trial, rather than a plea of guilty, by which the defendant was convicted of a drug offense under Kentucky law. *Evitts*, 469 U.S. at 387. Defense counsel filed a notice of appeal, but failed to file a "statement of appeal" as required by Kentucky appellate procedures. *Id.* The reviewing court then dismissed the direct appeal. *Id.* at 390. Thereafter, the *Evitts* defendant filed a *habeus corpus* petition in the federal district court, contending that he was denied the effective assistance of counsel because his attorney had failed to file a statement of appeal which led to the dismissal of his appeal. *Id.* In granting *habeus corpus* relief, the *Evitts* court held that the defendant was entitled to effective assistance of counsel on first appeal as of right. *Id.* We find the defendant's reliance on *Evitts* to be misplaced. Unlike *Evitts*, the defendant in the case at bar, after entering into a negotiated plea of guilty on a charge of AUUW, was subject to the procedural requirements under Rule 604(d) and thus, did not have the same right to an automatic appeal as the *Evitts* defendant who was convicted by jury trial. See *People v. Wendt*, 283 Ill. App. 3d 947, 956 (1996) ("a defendant who pleads guilty simply does not have the same right to an automatic appeal as a defendant convicted after trial"). Further, *Evitts* differs from the instant case in that it involved a collateral *habeus corpus* petition.

¶ 34    Likewise, we find *Flores-Ortega* and *Ross* to be inapplicable, where they involved collateral challenges to the defendant's conviction. *Flores-Ortega*, 528 U.S. at 470 (petitioner, who had pled guilty to second-degree murder under California law, sought *habeus corpus* relief alleging that defense counsel was ineffective for failing to file a notice of appeal after promising petitioner to do so); *Ross*, 229 Ill. 2d at 258 (defendant, who was convicted by trial and sentenced to eight years in prison, filed a *pro se* postconviction petition alleging that defense counsel was ineffective for failing to file a timely notice of appeal). Further, we find *Halbert*, another case the defendant references, to be distinguishable from the case at bar where the defendant, after pleading *nolo contendere* to charges of criminal sexual assault, filed a motion to withdraw his plea and, in accordance with Michigan law, sought leave of court to file an appeal. *Halbert*, 545 U.S. at 614-16. Unlike *Halbert*, the defendant in the case at bar, as discussed, failed to comply with this state's procedural requirements of first filing a motion to withdraw his guilty plea prior to appealing the judgment entered upon his negotiated guilty plea. See Ill. S. Ct. R. 604(d) (eff. Feb. 10, 2006). Thus, we reject the defendant's arguments that Rules 604(d) and Rule 606(a) should be interpreted as anything other than what is expressly written in the plain language of the rules. See *Dominguez*, 2012 IL 111336, ¶ 16 (a court must decline to depart from the plain language of a supreme court rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent).

¶ 35    Our supreme court has repeatedly observed that supreme court rules are not mere suggestions. *Skyrd*, 241 Ill. 2d at 39. Rather, they have the force of law and that it must be presumed that they will be obeyed and enforced as written. *Id.* "If the appellate court elects to retain jurisdiction of the appeal and considers the merits of the defendant's contentions, the rule has been ignored. If the appellate court remands the case for a motion to withdraw, to be filed and to be considered by the trial court, the case has taken a needless trip to the appellate court, wasted that court's time, extended the time within which the motion to withdraw must be filed under Rule 604(d), and attaches no consequences to the ignoring of the requirements of the rule of [our supreme] court." *Wilk*, 124 Ill. 2d at 106-07. Therefore, we must dismiss the defendant's appeal for failing to comply with the mandates of Rule 604(d). While dismissal is a harsh result, we find that the harshness is lessened because the defendant is not barred from raising constitutional claims in a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). See *People v. Flowers*, 208 Ill. 2d 291, 302 (2003) ("[t]he requirements of Rule 604(d) are inapplicable to postconviction proceedings"); *People v. Mathis*, 357 Ill. App. 3d 45, 49 (2005). Accordingly, we need not address the defendant's arguments on the merits of the appeal that the AUUW statute was unconstitutional because it violated the right to bear arms.

¶ 36    For the foregoing reasons, we dismiss this appeal.


¶ 37    Appeal dismissed.