2021 IL App (1st) 190413-U

No. 1-19-0413

Order filed April 9, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 5055 |
| | ) | |
| DAYAN BROOKS, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss the appeal of defendant's conviction because he did not file a timely motion to withdraw his guilty plea.

¶ 2    Defendant Dayan Brooks entered a negotiated guilty plea to possession of a lost or mislaid credit card and was sentenced to 30 months' probation and 40 hours of community service. Defendant did not file a postplea motion. He appeals, arguing that, after the circuit court received

his *pro se* notice of appeal, the court erred by not inquiring whether he wanted counsel appointed to assist him with a postplea motion. We dismiss the appeal.

¶ 3     Defendant was charged by information with 13 counts of identity theft following an incident on March 8, 2018.

¶ 4     On January 9, 2019, the State informed the court that defendant had agreed to plead guilty to possession of a lost or mislaid credit card (720 ILCS 5/17-33 (West 2018)). The State nol-prossed all but count IX, which it amended to align with the agreed-upon charge. The State then provided a factual basis, stating the evidence would show that on March 8, 2018, police officers found defendant in possession of a credit card that belonged to another individual. The court sentenced defendant to 30 months' probation and 40 hours of community service.

¶ 5     After accepting the plea, the court admonished defendant that he had the right to appeal, but before doing so, he must file a written motion to withdraw his guilty plea within 30 days with "the Clerk of the Circuit Court." The court further admonished that (1) defendant must include any claim of error and all the reasons he wished to withdraw the plea in the motion to avoid waiving those issues should he later file an appeal; (2) if the court granted the motion, it would set his "guilty plea, sentence, and judgment aside" and set the case for trial, and any dismissed charges could be reinstated; (3) if the court denied the motion, defendant would have 30 days to file a written notice of appeal; and (4) if the defendant was indigent, a copy of the transcript of his guilty plea would be provided free of charge, and defendant would "be provided an attorney to assist [him] in the preparation of the motion free of charge." The court asked, "Do you understand your appellate rights, sir?"  Defendant responded, "Yes, sir."

¶ 6    Defendant did not file a postplea motion. On February 7, 2019, however, defendant filed a *pro se* notice of appeal using a preprinted form. In the notice, he did not request to withdraw his guilty plea. On the form's line for "Appellant's Attorney," defendant wrote, "need one."

¶ 7    On appeal, defendant argues that, after the court received his *pro se* notice of appeal, it erred by not inquiring whether defendant wanted counsel appointed to assist him with a postplea motion.

¶ 8    When a defendant pleads guilty pursuant to a negotiated guilty plea, he cannot appeal without first filing a motion for leave to withdraw his plea within 30 days of sentencing. See Ill. S. Ct. R. 604 (eff. July 1, 2017). This requirement is a "condition precedent" before the defendant may appeal, and where a defendant fails to file the motion to withdraw prior to filing an appeal, the appellate court must dismiss the appeal. *People v. Skyrd*, 241 Ill. 2d 34, 40 (2011) (citing *People v. Wilk*, 124 Ill. 2d 93, 105 (1988)). The court must admonish the defendant regarding this requirement at the time of sentencing. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). There is a limited exception to the dismissal requirement where the defendant can show that the court provided insufficient admonishments under Rule 604(d), in which case the appellate court should remand for appropriate admonishments. *Id.*

¶ 9    A party's compliance with the Illinois Supreme Court Rules is a matter of law we review *de novo*. *People v. Abdullah*, 2019 IL 123492, ¶ 18.

¶ 10    Here, it is undisputed that defendant did not follow the requirements of Rule 604(d) because he did not file a motion to withdraw his guilty plea. Defendant's lone filing was a preprinted document labeled as a notice of appeal. The document contained no mention of defendant's guilty plea. Additionally, defendant never communicated to the court that he desired to withdraw his plea. In response to the court's Rule 604(d) admonishments, the sufficiency of

which defendant does not challenge here, he said nothing besides affirming that he understood his rights. On this record, defendant's failure to file a motion to withdraw his guilty plea before filing a notice of appeal is fatal to his appeal.

¶ 11 Defendant contends that his failure to file a motion to withdraw his plea may be excused because he wrote that he needed an attorney on the notice of appeal form, triggering a duty on behalf of the court to inquire whether he wanted an attorney to assist with a postplea motion. He cites *People v. Barnes*, 291 Ill. App. 3d 545 (1997), and *People v. Griffin*, 305 Ill. App. 3d 326 (1999), to support this argument, arguing that these cases stand for the proposition that where a defendant expresses any interest in appealing following a negotiated guilty plea, a trial court has a duty to inquire regarding whether that defendant wants appointed counsel to assist with a postplea motion.

¶ 12 The *Barnes* court found that the trial court erred in not appointing counsel where the defendant sent a handwritten letter to the trial judge within 30 days of sentencing in which she requested a "modification" of her sentence and claimed she was not thinking clearly at the time of the plea. *Barnes*, 291 Ill. App. 3d at 547, 550. The reviewing court reasoned that the defendant's letter put the trial court on notice of the defendant's intent to seek relief from judgment and her need for the assistance of counsel. *Id.* at 550-51. Similarly, in *Griffin*, the reviewing court found the trial court erred by not inquiring whether the defendant wanted counsel where the defendant verbally expressed a desire to appeal during the plea hearing, inquired whether a motion to vacate sentence was required to appeal, then asked, "Can I be appointed an attorney to represent me in this appeal?" *Griffin*, 305 Ill. App. 3d at 329, 332.

¶ 13 In *People v. Merriweather*, 2013 IL App (1st) 113789, in contrast, the defendant did not file a motion to withdraw his guilty plea within 30 days of sentencing. Instead, the defendant filed

a *pro se* notice of appeal, in which the defendant made claims regarding the sufficiency of the evidence and ineffective assistance of counsel, and requested the appellate court appoint counsel to represent him. *Merriweather*, 2013 IL App (1st) 113789, ¶ 11. On appeal, the defendant acknowledged he did not file a motion to withdraw his guilty plea before filing his notice of appeal, but argued this could be excused because Rule 604(d) should be read to provide defendants with an "automatic right to counsel during the 30-day period following a guilty plea." *Id.* ¶ 22. This court rejected that argument and found that because the defendant had not filed a motion to withdraw his guilty plea, the trial court had no duty to appoint counsel, explaining, "we find that Rule 604(d) expressly states that the trial court shall appoint counsel to represent an indigent defendant, if the defendant so chooses, *after* he files a proper postplea motion." (Emphasis in original.) *Id.* ¶ 25.

¶ 14    As defendant does here, the *Merriweather* defendant cited *Barnes* and *Griffin* to support his claim, but this court found those cases "factually distinguishable" because the defendant "made no verbal inquiry of the trial court during the sentencing proceedings" and his request for counsel on the notice of appeal document was a "request for the appointment of *appellate* counsel ***, not a request for the appointment of trial counsel to help the defendant vacate his guilty plea pursuant to Rule 604(d)." *Merriweather*, 2013 IL App (1st) 113789, ¶ 27. The same distinctions apply between defendant here and those in *Barnes* and *Griffin*. Here, defendant did not contact the circuit court via letter or make a verbal inquiry of that court, but instead only filed a document titled "notice of appeal" that makes no mention of withdrawing his guilty plea and only requests appellate counsel.

¶ 15    Finally, defendant argues that because the circuit court admonished him that he must file the motion to withdraw with "the Clerk of the Circuit Court," the court should have divined that

the notice of appeal was actually a motion to withdraw guilty plea because defendant filed it with the Clerk. We disagree. Again, there is no dispute that the court admonished defendant that he must file a motion to withdraw before filing a notice of appeal, and that defendant did not file such a motion. Additionally, as explained above, defendant indicated on the notice document that he desired counsel for the appeal and never mentioned any desire to withdraw his plea; he cannot now rebrand the filing. See *Merriweather*, 2013 IL App (1st) 113789, ¶ 27; see also *People v. Frey*, 67 Ill. 2d 77, 80-83 (1977) (where the appellants argued their notices of appeal should have been considered motions to withdraw their guilty pleas, the supreme court found the arguments "plainly untenable" because the filings "not only fail[ed] to conform to the requirement of Rule 604(d)," but also did "not request the trial court to permit withdrawal of the pleas, and request[ed] no action other than in matters relative to the appeal.").

¶ 16    In sum, we find that defendant failed to file a timely motion to withdraw his guilty plea and that his *pro se* notice of appeal did not oblige the circuit court to inquire whether he desired counsel to assist with a postplea motion. Accordingly, we must dismiss his appeal for his failure to follow the requirements of Rule 604(d). See *Wilk*, 124 Ill. 2d at 105.

¶ 17    Appeal dismissed.