2024 IL App (3d) 230441

Opinion filed October 30, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0441 Circuit No. 18-CF-716 |
| | ) | |
| KEYONNA DECKERT, | ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Brennan and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1        The defendant, Keyonna Deckert, appeals from her sentence after an open guilty plea, arguing that the Kankakee County circuit court should have construed her *pro se* notice of appeal as a postplea motion.

¶ 2                                      I. BACKGROUND

¶ 3        On December 14, 2018, the defendant was charged by indictment with two counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2018)) and aggravated battery of a child (*id.* § 12-3.05(b)(1)). The defendant entered a blind plea to one count of first degree murder in November 2022. The State agreed to dismiss the remaining charges and cap the defendant's sentence at 35

years' imprisonment. Before accepting the plea, the court explained to the defendant that her sentence would be between the minimum of 20 years and the sentencing cap of 35 years' imprisonment. The defendant indicated that she understood.

¶ 4    The factual basis provided that officers were called to a motel and found the defendant's 14-month-old child unresponsive. The child was pronounced dead at the hospital. The defendant told officers that the previous evening she had become upset with her son's crying. "There had been a domestic violence incident between her and [her codefendant], and while she was holding [the child], that he was either thrown or dropped to the floor and his head struck a wall and possibly the floor ***." The court accepted the plea, finding it was knowingly and voluntarily made.

¶ 5    A sentencing hearing was held on August 31, 2023, after which the court sentenced the defendant to 30 years' imprisonment. In doing so, the court noted that the child had 27 bruises or marks on his body and "was significantly under weight and malnourished." The court stated, "it's obvious that he was abused over, and over, and over again. And *** he wasn't really fed. *** [Y]ou didn't have milk. You tried to give him wheat with water. You thought he was allergic to wheat. You know, you needed to ask for help." The court said that the defendant made poor choices but "didn't have a great life either," noting the abuse that she had endured. At the close of the hearing, the court read the defendant her appeal rights, stating,

> "You have a right to appeal. That prior to taking an appeal you must file in the trial court within 30 days of the date on which a sentence is imposed a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth the grounds for the motion. That if the motion is allowed the sentence will be modified or the plea of guilty sentence and judgment will be vacated and a trial date will be set on the

2

charges to which the plea of guilty was made. That upon the request of the State any charges that may have been dismissed as part of the plea agreement will be reinstated and will also be set for trial. That if the motion to reconsider sentence or vacate the judgment is denied and you still desire to appeal, you must file your notice of appeal within 30 days of the date that the motion was denied."

Neither the defendant nor defense counsel filed any postplea motions.

¶ 6        On September 25, 2023, the defendant filed a *pro se* preprinted notice of appeal. On the form, the defendant checked a box indicating that she was appealing and listed "8-31-23" as the order or judgment she wanted to appeal. Where the form asked the defendant to state her relief, she checked boxes for "reverse the trial court's judgment" and "vacate the trial court's judgment." She also wrote on the form "Reconsider Sentence." The court ordered the clerk to prepare and file a notice of appeal.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, the defendant contends that the court should have construed her notice of appeal as a timely postplea motion and conducted proceedings pursuant to Illinois Supreme Court Rule 604(d) (eff. Sept. 18, 2023). Therefore, the defendant asks that we remand the case for postplea proceedings.

¶ 9        Rule 604(d) states,

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." *Id.*

3

"The motion shall be in writing and shall state the grounds therefor." *Id.* The purpose of Rule 604(d) is to give the circuit court the opportunity to hear and correct any impropriety or errors that may have produced the guilty plea before an individual may appeal. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39-40 (2011). "The rule was designed to eliminate needless trips to the appellate court and to give the circuit court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where a defendant's claim is disallowed." *Id.* at 40. Rule 604(d) thus creates a condition precedent to an appeal from a guilty plea, and the failure to file a timely postplea motion under the rule precludes the appellate court from considering the appeal. *Id.*

¶ 10        Here, the defendant did not file a postplea motion seeking to withdraw her guilty plea or reconsider her sentence. Instead, she solely filed a form notice of appeal that checked boxes and indicated the judgment she sought to appeal from and the remedies she sought, which included that the circuit court's judgment be reversed and vacated and her sentence reconsidered. This form notice of appeal did not satisfy the purpose of Rule 604(d), as it did not indicate any errors for the circuit court to consider.

¶ 11        The defendant is correct that courts have been lenient as to the form of a motion to vacate guilty plea or reconsider the sentence under Rule 604(d), construing letters or motions sent to the court as Rule 604(d) filings. See *People v. Owens*, 2021 IL App (2d) 190153 (finding a "notice of motion and petition" asking the court to vacate his guilty plea sufficient under Rule 604(d)); *People v. Barnes*, 291 Ill. App. 3d 545 (1997) (handwritten letter requesting modification of sentence and indicating a basis to withdraw plea was sufficient under Rule 604(d)); *People v. Gibson*, 96 Ill. 2d 544 (1983) (supervisory order) (supreme court exercising its supervisory authority and finding sufficient a letter to the circuit court indicating the petitioner was not psychologically coherent to

plead guilty). However, none of the cases the defendant cites construed a *pro se* notice of appeal as a motion under Rule 604(d). On the contrary, the cases in which the defendant filed a notice of appeal instead of a motion to withdraw guilty plea or motion to reconsider sentence have found that such was not sufficient under Rule 604(d). See, *e.g.*, *People v. Merriweather*, 2013 IL App (1st) 113789; *People v. Stewart*, 2023 IL App (4th) 220432; *People v. Barnes*, 2021 IL App (1st) 200706-U.

¶ 12       We find *Merriweather*, 2013 IL App (1st) 113789, instructive. In that case, the defendant did not file a motion to withdraw his guilty plea but filed a *pro se* notice of appeal. *Id.* ¶ 11. The defendant's notice of appeal provided even more detail than the one in this case, indicating that defense counsel was ineffective and the State failed to meet its burden. *Id.* On appeal, the court found that the notice of appeal indicated, both in form and substance, that the defendant sought to appeal to the appellate court, as opposed to withdraw his guilty plea. *Id.* ¶ 21. Therefore, it could not properly act as a motion under Rule 604(d). *Id.* Similarly, the defendant's notice of appeal in this case indicated her intent to appeal to this court. It did not provide any suggestion that she sought to raise a contention of error in the circuit court via a motion to withdraw guilty plea or reconsider her sentence.

¶ 13       Though an exception exists to excuse a defendant's noncompliance with Rule 604(d) if the circuit court failed to substantially admonish the defendant of the prerequisites to appeal (*id.* ¶ 17), the defendant, here, has not challenged the propriety of the court's admonishments and has forfeited such a contention. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Because the defendant filed a notice of appeal and did not file a postplea motion pursuant to Rule 604(d), we must dismiss the appeal.

¶ 14    We would be remiss if we did not discuss the potential implications of the defendant's argument. As stated above, the failure to file a motion under Rule 604(d) results in the loss of the right to a direct appeal. See *People v. Dunn*, 342 Ill. App. 3d 872, 878 (2003). Construing the defendant's bare-bones notice of appeal as a motion under Rule 604(d) would effectively nullify the edict of Rule 604(d), as *any* notice of appeal would have to be construed as such a motion. We note, as the court did in *Merriweather*, "[w]hile dismissal is a harsh result, *** the harshness is lessened because the defendant is not barred from raising constitutional claims in a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010))." *Merriweather*, 2013 IL App (1st) 113789, ¶ 35.

¶ 15                              III. CONCLUSION

¶ 16    The appeal from the judgment of the circuit court of Kankakee County is dismissed.

¶ 17    Appeal dismissed.

*People v. Deckert*, 2024 IL App (3d) 230441

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 18-CF-716; the Hon. Kathy S. Bradshaw-Elliott, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Adam N. Weaver, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Jessica A. Theodoratos, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |