2021 IL App (1st) 200706-U

No. 1-20-0706

Order filed December 10, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 06745 |
| | ) | |
| DEMOND BARNES, | ) | Honorable |
| | ) | William Raines, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed where defendant failed to file a postplea motion prior to filing his notice of appeal, the trial court's admonishments regarding the right to appeal substantially complied with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and the trial court did not err when it failed to construe his *pro se* notice of appeal as a request for counsel to assist in the preparation of a postplea motion.

¶ 2    Pursuant to a negotiated plea, defendant Demond Barnes pled guilty to one count of aggravated battery with a firearm and was sentenced to 23 years in prison. Defendant did not file a motion to withdraw his guilty plea, and instead filed a notice of appeal. On appeal, he contends

that the trial court's admonishments at the time of his plea did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and that, therefore, this court should remand for proper admonishments and an opportunity for him to file a motion to withdraw his guilty plea as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). In the alternative, he contends that the trial court erred when it failed to construe his *pro se* notice of appeal as a request for counsel to assist in the preparation of a postplea motion in order to perfect the appeal. For the reasons that follow, we dismiss defendant's appeal.

¶ 3 Defendant's conviction arose from a February 19, 2018, incident in Chicago during which defendant, who was 17 years old, shot the victim six times. Following arrest, the State charged defendant by indictment with three counts of attempted first degree murder, one count of aggravated battery with a firearm, and two counts of aggravated unlawful use of a weapon.

¶ 4 Defendant first appeared in court on May 29, 2018. After several continuances, on July 31, 2019, defense counsel stated that the case was "up today for either plea or setting" and that the defense was in negotiations with the State. The case was continued and called multiple times.

¶ 5 On February 19, 2020, after an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference, the trial court described the plea offer to defendant, who confirmed that he understood. The State nol-prossed all counts but count IV, which charged defendant with aggravated battery with a firearm. The trial court explained to defendant that the remaining charge was "a Class X felony and with an 85 percent sentencing range" with "[t]wenty-one at the bottom with 45 years." Defendant pled guilty to the charge. The trial court further admonished him regarding the plea and the rights he was giving up by pleading guilty. The court also questioned him as to the free and voluntary nature of his plea. The State presented a factual basis for the plea, to which the defense

stipulated. The court found that the factual basis was sufficient to support the plea, accepted it, and entered a "finding of guilty of aggravated battery personally discharging a firearm." The parties presented aggravation and mitigation, and the court imposed a sentence of 23 years in prison.

¶ 6     The trial court then advised defendant of his appeal rights as follows:

"You do have the right to appeal. Before you can appeal my decision within 30 days of today's date you must file with the Clerk of the court a written motion to withdraw your plea and vacate this judgment. In that motion you must state all the reasons why you want to withdraw your guilty plea. If I grant your motion, I'll set your guilty plea, sentence, and judgment aside and set this case for trial. Those other charges, including that life sentence murder charge would be reinstated and also set for trial. If I deny your motion, you'll have 30 days from the date of that motion to file a written notice of appeal. Let me back up. All the charges would be reinstated, including that charge. Any issue or claim of error—let me see. You have 30 days from the date of that denial to file a written notice of appeal. Any issue or claim of error not raised in that motion to withdraw your plea of guilty and vacate this judgment will be waived for appeal purposes. If you're indigent a copy of the transcript of the proceedings of today's plea will be provided to you free of charge to assist you in the preparation and an attorney would be provided to you free of charge to assist you in that motion."

The court asked defendant if he understood his appeal rights, and defendant answered that he did.

¶ 7     The court entered a written sentencing order on February 19, 2020. Defendant did not file a motion to withdraw his plea. On March 18, 2020, he mailed a *pro se* document titled "Notice of Appeal" to the circuit court clerk. In the notice, defendant recited that he had pled guilty and been

sentenced, that he was requesting that the Office of the State Appellate Defender be appointed to represent him, and that "there are meritorious issues to be raised on appeal," including ineffective assistance of counsel and eighth amendment violations under *Miller v. Alabama*, 567 U.S. 460 (2012), and *People v. Othman*, 2019 IL App (1st) 150823. The accompanying *pro se* proof of service stated that a "NOTICE OF APPEAL" was attached.

¶ 8    On appeal, defendant contends that the trial court's admonishments regarding his appeal rights did not substantially comply with Rule 605(c) and that, therefore, this court should remand for proper admonishments and an opportunity for him to file a Rule 604(d) motion to withdraw his guilty plea. He argues that a valid basis for the withdrawal of his plea exists, as the trial court committed numerous errors under Illinois Supreme Court Rule 402 (eff. July 1, 2012), which governs guilty plea admonishments. In the alternative, he contends that the trial court erred when it failed to construe his *pro se* notice of appeal as a request for counsel to assist in the preparation of a Rule 604(d) postplea motion in order to perfect the appeal.

¶ 9    Under Rule 604(d), before a defendant may appeal a judgment entered upon a guilty plea, he must first file a written postplea motion with the trial court within 30 days of the date of sentencing. *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). Depending on the type of plea entered, the motion may request that the guilty plea be withdrawn and judgment vacated (negotiated plea) or it may seek reconsideration of the sentence (open plea). *Id.* The filing of a Rule 604(d) motion is a "condition precedent to an appeal from a judgment on a plea of guilty." *Id.* at 300-01. Although the lack of such a motion does not deprive the appellate court of jurisdiction, the failure to file a timely Rule 604(d) motion precludes this court from considering an appeal on its merits. *Id.* at 301.

Thus, in general, "Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal." *Id.*

¶ 10   An exception to this general rule applies in cases where a defendant was not adequately admonished pursuant to Rule 605(c). *People ex rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 41 (2011). Rule 605(c) provides that, when judgment is entered upon a negotiated guilty plea, "at the time of imposing sentence, the trial court shall advise the defendant substantially" as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 11    The dismissal of an appeal based on a defendant's failure to file a Rule 604(d) postplea motion in the trial court would violate due process if the defendant did not know that filing of such a motion was necessary. *Skyrd*, 241 Ill. 2d at 41 (citing *Flowers*, 208 Ill. 2d at 301). Thus, our supreme court has "recognized an 'admonition exception' to Rule 604(d)." *Id.* Under this exception, where the trial court "fails to give applicable Rule 605 admonishments and the defendant attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d)." *Id.*

¶ 12    As Rule 605(c) requires the trial court to "advise the defendant substantially" regarding its contents, a "substantial compliance" standard applies in assessing whether the trial court's admonitions were sufficient. See *People v. Dominguez*, 2012 IL 111336, ¶¶ 15-22. Our supreme court has explained that Rule 605(c) "does not require a strict verbatim" reading of its contents; rather, "the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. In other words, the trial court must substantially advise a defendant under Rule 605(c) "in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal." *Id.* ¶ 22. "So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Id.* Whether a trial court has substantially complied with Rule 605(c) is a matter this court reviews *de novo*. *Id.* ¶ 13.

¶ 13    Here, defendant did not file a postplea motion within 30 days of the trial court's imposition of sentence, and we therefore have no authority to consider the merits of his appeal. *Flowers*, 208 Ill. 2d at 301. Nevertheless, he contends that the admonition exception applies in his case because

the trial court's admonishments regarding his appeal rights did not substantially comply with Rule 605(c). He asserts that the trial court's Rule 605(c) admonishments were "exceedingly confusing" and constituted a "dizzying summation of the procedures required by Rule 604(d)."

¶ 14    Specifically, defendant argues that the court backtracked and failed to clarify the timing for filing a motion to withdraw the guilty plea versus the timing for filing a notice of appeal (see Rule 605(c)(2)). In addition, he argues, the trial court misstated the potential consequences of withdrawing the plea when it inaccurately described the charges that could be reinstated as including "that life sentence murder charge," even though he had not been charged with murder and was not necessarily facing a life sentence (see Rule 605(c)(4)). Defendant concludes that because the trial court misstated several facts related to the outcomes available to him after the entry of his guilty plea and failed to clarify the timing of a motion to withdraw as opposed to a notice of appeal, the trial court failed to convey the "essence" of the steps necessary to preserve an appeal pursuant to Rule 604(d).

¶ 15    The State responds, and we agree, that the court substantially complied with Rule 605(c). As noted above, Rule 605(c) provides that a trial court "shall advise the defendant substantially" of six points, set out in subsections. Defendant only challenges the portions of the trial court's admonishments involving subsections (c)(2) and (c)(4). As such, we limit our discussion to those subsections.

¶ 16    In subsection (c)(2), the rule provides that the trial court shall advise the defendant that prior to taking an appeal, he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion. Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001).

Here, the trial court stated, "Before you can appeal my decision within 30 days of today's date you must file with the Clerk of the court a written motion to withdraw your plea and vacate this judgment. In that motion you must state all the reasons why you want to withdraw your guilty plea."

¶ 17    In defendant's view, the trial court's statement "made it seem as though the next step was for [defendant] to 'appeal [the] decision within 30 days.' " He argues that such an admonishment was not necessarily accurate, as a notice of appeal could be filed more than 30 days later, following the denial of a timely motion to withdraw the plea. He further argues that although the court stated he was required to file a motion to withdraw the plea, it was not clear from the court's statement that such a motion also had to be filed within 30 days.

¶ 18    Defendant also asserts that after making the above statement, the court then incorrectly stated that if the motion was denied, "you'll have 30 days from the date of that motion to file a written notice of appeal"; then "changed course" by describing the potential consequences of a motion to withdraw being granted; and then returned to the topic of the timeline for appeal, stating, "You have 30 days from the date of that denial to file a written notice of appeal." In defendant's view, the last statement, referencing "denial," was unclear because the court had just been discussing the consequences of a postplea motion being granted. He maintains that the court failed to clarify the timeline after backtracking and misstating the requirements to appeal and that, therefore, it is understandable that he might have misunderstood those requirements.

¶ 19    We disagree with defendant's interpretation of the trial court's admonishment under subsection (c)(2). As noted above, the trial court admonished defendant, "Before you can appeal my decision within 30 days of today's date you must file with the Clerk of the court a written

motion to withdraw your plea and vacate this judgment. In that motion you must state all the reasons why you want to withdraw your guilty plea." Our focus is on this statement—not other utterances that the court made afterwards—and whether it substantially conveyed the substance of subsection (c)(2). In our view, it is clear from the court's statement that prior to appealing, defendant was required to file a written motion to withdraw his plea; that defendant was required to take action within 30 days; and that defendant was required to include in his motion all the grounds for withdrawing his plea. The court's statement did not signal that the "next step" was for defendant to file a notice of appeal, and we cannot find that the trial court's Rule 605(c)(2) admonishment was incorrect or fatally confusing. Rather, we find that it substantially complied with the requirements of the rule.

¶ 20    In subsection (c)(4), the rule provides that the trial court shall advise the defendant that upon the request of the State, any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial. Ill. S. Ct. R. 605(c)(4) (eff. Oct. 1, 2001). Here, the trial court stated, "Those other charges, including that life sentence murder charge would be reinstated and also set for trial. If I deny your motion, you'll have 30 days from the date of that motion to file a written notice of appeal. Let me back up. All the charges would be reinstated, including that charge."

¶ 21    Defendant argues that the trial court misstated the potential consequences of withdrawing the plea. Specifically, he notes that the trial court referenced "that life sentence murder charge" as one of the charges that would be reinstated, even though he was never facing a murder charge nor, necessarily, a life sentence. He maintains that a "jarring misstatement such as this might have

further confused [him] or made him believe he could be subject to even harsher penalties than he actually was if he were to withdraw his plea."

¶ 22    The State argues that defendant's argument is pure speculation and conjecture where he is not claiming he actually was confused or believed he would be subjected to a harsher penalty by withdrawing his plea. The State further argues that there is no mistaking that, when read in context, the trial court's reference to "that life sentence murder charge" was actually a reference to the attempted murder charge.

¶ 23    In considering this particular admonishment, we need not decide between the positions espoused by defendant or the State. This is because substantial compliance with Rule 605(c) may be found even where a trial court completely omits a Rule 605(c)(4) admonishment. See *People v. Claudin*, 369 Ill. App. 3d 532, 534 (2006); *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003); but see *People v. Perry*, 2014 IL App (1st) 122584, ¶¶ 16-17 (remanding where admonishments were brief, unclear, and lacked any reference to subsections (c)(4) or (c)(6)). Here, the trial court did not omit a subsection (c)(4) admonishment; rather, the court advised defendant that nol-prossed charges would be reinstated and set for trial. Specifically, the court said that "[a]ll the charges would be reinstated." As such, we find substantial compliance with Rule 605(c)(4).

¶ 24    Finally, we are mindful of defendant's argument that there is a valid basis for the withdrawal of his plea because the trial court committed numerous errors under Illinois Supreme Court Rule 402 (eff. July 1, 2012), which governs, *inter alia*, guilty plea admonishments, and that the trial court's Rule 605(c) admonishments must be viewed in light of the entire pre-plea proceedings. He claims that, given the improper Rule 402 admonishments, "it is no surprise that the trial court's Rule 605(c) admonishments confused [him] and left him unable to comply

properly with Rule 604(d)." As such, he asserts that the interests of justice require this court to remand for proper admonishments and an opportunity for him to file a motion to withdraw his plea.

¶ 25    Our review in this case is limited to addressing whether the "admonition exception" to Rule 604(d) applies due to a lack of substantial compliance with Rule 605(c) by the trial court. See *People v. Lloyd*, 338 Ill. App. 3d 379, 386 (2003). Because defendant did not file a motion to withdraw his guilty plea and is not excused from doing so, we will not address his argument regarding the propriety or sufficiency of the Rule 402 guilty plea admonishments. See *People v. Jones*, 2013 IL App (4th) 120300, ¶ 21.

¶ 26    After reviewing the record, we conclude that defendant was substantially admonished in accordance with Rule 605(c). As such, the "admonition exception" did not excuse him from filing a motion to withdraw his plea and vacate the judgment under Rule 604(d). *Claudin*, 369 Ill. App. 3d at 534. Instead of filing such a motion, defendant filed a notice of appeal, which was the wrong procedure to perfect his appeal from his negotiated plea. Accordingly, defendant has forfeited his right to a direct appeal, and we must dismiss the appeal. *Id.* at 535; *Crump*, 344 Ill. App. 3d at 563.

¶ 27    Defendant contends, in the alternative, that the trial court erred when it failed to construe his *pro se* notice of appeal as a request for counsel to assist in the preparation of a postplea motion in order to perfect the appeal. He argues that he mailed the document within 30 days of sentencing, that it included allegations that he received ineffective assistance of counsel and that his sentence was unconstitutional, and that, therefore, it indicated that he "wanted to withdraw his plea so he could challenge his conviction and sentence." Defendant maintains that trial courts should liberally construe *pro se* filings and asserts that the only logical explanation for his filing was that he both

desired to challenge the judgment and that he misunderstood the trial court's instructions regarding how to do so. He further argues that, even if this court finds the document does not reflect a desire to withdraw his plea, fundamental fairness requires that we remand to allow him to clarify his intent.

¶ 28    A trial court's duty to inquire whether a defendant requires the assistance of appointed counsel to prepare postplea motions and perfect an appeal is triggered either when a defendant makes a verbal inquiry of the trial court during sentencing proceedings, or when he files a postplea motion pursuant to Rule 604(d). *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 27. In this case, defendant took neither of these actions. Instead, he filed a *pro se* document titled "Notice of Appeal."

¶ 29    We disagree with defendant's assertion that his *pro se* notice of appeal indicated he wanted to withdraw his plea. To the contrary, several of the document's features reveal an intent to appeal. Defendant hand-wrote "Notice of Appeal" both in the pleading's caption and as its title, recited that he had pled guilty and been convicted and sentenced, and stated that he was requesting the Office of the State Appellate Defender be appointed to represent him. He further asserted that "there are meritorious issues to be raised on appeal in his case," including ineffective assistance of counsel and eighth amendment violations under *Miller*, 567 U.S. at 460, and *Othman*, 2019 IL App (1st) 150823. In addition, the accompanying hand-written, *pro se* proof of service stated that a "NOTICE OF APPEAL" was attached.

¶ 30    Moreover, defendant did not inform the trial court orally that he wished to withdraw his plea and he did not file a motion to that effect. We find no indication in the record or in defendant's *pro se* notice of appeal that he wished to withdraw his guilty plea. Rather, we find that the record

shows defendant sought to directly appeal the trial court's judgment. See *Merriweather*, 2013 IL App (1st) 113789, ¶ 21 (rejecting contention that the content of a *pro se* document titled "notice of appeal" was mislabeled and revealed the defendant's desire to withdraw his guilty plea where the filing stated that the defendant "gives notice that an appeal is taken from the order of judgment," alleged ineffective assistance of counsel, and asserted the State failed to carry its burden of proof); see also *People v. Frey*, 67 Ill. 2d 77, 80-83 (1977) (where the appellants argued their notices of appeal should have been considered motions to withdraw their guilty pleas, the supreme court found the arguments "plainly untenable" because the filings "not only fail[ed] to conform to the requirement of Rule 604(d)," but also did "not request the trial court to permit withdrawal of the pleas, and request[ed] no action other than in matters relative to the appeal"). We therefore reject defendant's argument that the trial court had a duty to ascertain whether he wanted the assistance of appointed counsel to prepare postplea motions and perfect his appeal, as well as his argument that fundamental fairness requires us to remand to allow him to clarify his intent.

¶ 31    In sum, as defendant failed to file a written Rule 604(d) postplea motion prior to filing his notice of appeal, and as his failure to file a postplea motion is not excused by the "admonition exception," we must dismiss his appeal. *Claudin*, 369 Ill. App. 3d at 535; *Crump*, 344 Ill. App. 3d at 563.

¶ 32    Appeal dismissed.