NO. 4-06-0163     Filed 12/26/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| DERRICK M. BROOKS, | ) | No. 02CF243 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael D. Clary, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

This case comes to us on the motion of the office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the reasons following, we disagree and deny the motion to withdraw, but we also reverse and remand with directions.

I. BACKGROUND

Defendant, Derrick M. Brooks, brings this appeal from an order dismissing his postconviction petition. On June 6, 2003, defendant was convicted, pursuant to a guilty plea, of one count of criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2002)). In exchange for his plea, the State dropped three other charges. The parties had no agreement as to sentence. On July 30, 2003, after a hearing, the trial court sentenced defendant to eight years' imprisonment. Thereafter, the court admonished defendant in accordance with Supreme Court Rules 604(d) and 605(d). 188 Ill. 2d Rs. 604(d), 605(d).

On August 7, 2003, defendant sent a handwritten letter

to the circuit clerk, which stated as follows:

"Ms Miller

I [sic] regards to case # 2002 CF 243, I
would like to know if possible I could get my
transcripts regarding my case, as I've been
convicted.  I would gladly appreciate you
sending those A.S.A.P.  I'll be shipping out
possibly 8-7-03.                    over→

Thank you

Sincerely Derrick M. Brooks"

On the reverse side of the letter, defendant continued
as follows:

"② Also I want to appeal my sentencing on
case no 02/CF/243.

Furthermore will you send me my mittimus
papers as soon as possible to me in D.O.C."

Without any indication in the record that defendant's
letter was forwarded to a trial judge, the circuit clerk filed
the letter as a notice of appeal and on August 12, 2003, filed a
notice of appeal with this court and notified OSAD.  On August
21, 2003, OSAD acknowledged its appointment by letter to the
circuit clerk (filed August 25, 2003) requesting the trial court
record.  This appeal followed.  On May 16, 2005, this appeal was
dismissed (People v. Brooks, No. 4-03-0691 (May 16, 2005) (unpub-
lished order under Supreme Court Rule 23)) with this court
finding; contrary to defendant's assertions, his letter could not

- 2 -

be construed as a postjudgment motion, which motion is a condition precedent to an appeal following a guilty plea (see People v. Flowers, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003)).

Following the attempted appeal, on December 12, 2005, defendant filed a pro se petition for postconviction relief, alleging (1) the trial court violated his constitutional rights by failing to comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and appointing counsel for him and (2) he received ineffective assistance of counsel when counsel failed to comply with the requirements of Rule 604(d). On February 2, 2006, the trial court dismissed defendant's petition under section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2006)), finding the issues raised and presented frivolous and patently without merit. This appeal followed.

Appointed counsel, OSAD, has filed a motion to withdraw as counsel under Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), asserting no issues of arguable merit warrant appeal. The record shows service of the motion on defendant. On our own motion, we granted defendant leave to file additional points and authorities by November 20, 2006, which he has done. The State filed an appellee brief and defendant filed a reply brief, in which he also attempted to raise a new issue-- the constitutionality of section 5-8-1(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d) (West 2002)), the

requirement for a term of mandatory supervised release (MSR) in addition to a term of imprisonment.

After examining the record in accordance with our duties under Finley, we reverse the trial court's judgment and deny OSAD's motion to withdraw as counsel on appeal but, in the interest of judicial economy, we remand to the trial court for the appointment of counsel and a second-stage proceeding on defendant's petition for postconviction relief.

## II. ANALYSIS

OSAD argues no colorable argument can be made the trial court erred by summarily dismissing defendant's petition. Specifically, OSAD contends the court's findings and conclusions are supported by the law and by the facts of this case.

### A. Standard of Review

A dismissal of a postconviction petition without an evidentiary hearing is reviewed de novo. People v. Coleman, 183 Ill. 2d 366, 388, 701 N.E.2d 1063, 1074-75 (1998).

### B. Dismissal Was Not Proper

OSAD argues this case was correctly dismissed under section 122-2.1(a)(2) of the Act. 725 ILCS 5/122-2.1(a)(2) (West 2006)). Section 122-2.1(a)(2) provides a petition may be dismissed as frivolous or patently without merit in a written order that specifies the findings of fact and conclusions of law relied upon by the trial court in reaching its decision. 725 ILCS 5/122-2.1(a)(2) (West 2006).

First and foremost, OSAD contends defendant's claims of

violations of his constitutional rights are barred by the doctrine of res judicata. Although he was instructed by the trial court prior to entry of his guilty plea as to the proper procedures to follow to perfect an appeal after a guilty plea, defendant instead filed with the circuit clerk a letter stating he wanted to appeal his sentence. The circuit clerk interpreted the letter as a request to file a notice of appeal and she prepared that. Counsel was appointed for defendant on appeal and counsel argued defendant's letter should have been interpreted by the circuit clerk as a request to file a motion to reduce sentence. This court held otherwise and dismissed his appeal. OSAD contends this court's decision on direct appeal precludes defendant from relitigating the issue of whether his letter should have been treated as a motion to reconsider sentence under Rule 604(d) under the doctrine of res judicata. People v Scott, 194 Ill. 2d 268, 280, 742 N.E.2d 287, 295 (2000).

At first blush, this issue does seem to be barred by res judicata, but, as defendant has argued in both his objections and response to OSAD's motion to withdraw and his reply to the State's brief, he is not arguing his letter should have been construed as an actual postplea motion; he was attempting to exercise his right to appeal and the trial court should have appointed counsel to help him perfect his appeal. Instead, the actions taken at the trial-court level deprived him of his opportunity to perfect his appeal. To provide consistent precedent and a consistent body of law, we will address the issue of

- 5 -

the trial court's failure to afford defendant every opportunity to protect his right to due process and the perfection of an appeal raised by him in his petition for postconviction relief.

Pursuant to Rule 604(d), a defendant may not appeal from a judgment entered upon a plea of guilty unless (1) he files a timely motion to reconsider, if challenging only his sentence; or (2) if challenging his plea, files a timely motion to withdraw guilty plea and to vacate the judgment. 188 Ill. 2d R. 604(d). In the case of a negotiated plea, however, a defendant cannot challenge his sentence without filing a timely motion to withdraw his guilty plea and vacate the judgment. 188 Ill. 2d R. 604(d). Rule 604(d) further provides, in relevant part, as follows:

"The motion shall be in writing and shall state the grounds therefor. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced[.] *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." 188 Ill. 2d R. 604(d).

Certain fundamental principles govern postplea filings, and purposes underlie those principles. Although Rule 604(d) speaks in terms of a right to counsel after the postplea motion is filed, we recently noted "Rule 604(d) provides a defendant the right to the aid of an attorney in the preparation and presenta-

- 6 -

tion of a postplea motion." (Emphasis added.) <u>People v. Lofton</u>, No. 4-06-0582, slip op. at 7 (October 11, 2007), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (2007), citing <u>People v. Barnes</u>, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (1997). Fundamental fairness requires this. <u>People v. Ledbetter</u>, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988).

The strict waiver requirements of Rule 604(d) affect this equation. The rule provides "[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 210 Ill. 2d R. 604(d). In light of these requirements, "fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion." <u>Ledbetter</u>, 174 Ill. App. 3d at 237-38, 528 N.E.2d at 377. Requiring an appeal to be dismissed when the prerequisites of Rule 604(d) are not met is a further consequence to defendant. <u>Flowers</u>, 208 Ill. 2d at 301, 802 N.E.2d at 1180.

Given the legal consequences of failing to comply with Rule 604(d), a defendant's right to appeal, his right to counsel, and the preservation of any claimed defects in the plea and sentencing proceedings should not depend, as here, upon a circuit clerk's evaluation of a <u>pro</u> <u>se</u> filing. As we noted in <u>Lofton</u>, we recognize the difficulty facing trial courts when a defendant expresses a desire to appeal. See <u>Lofton</u>, slip op. at 8, ___ Ill. App. 3d at ___, ___ N.E.2d at ___. Often, as here, the

- 7 -

defendant receives the proper admonitions but then expresses his desire to appeal in a letter to the circuit clerk.  The clerk should not be placed in the awkward position of trying to determine whether, despite the admonitions, the defendant actually wants a notice of appeal filed or is simply expressing a desire to start the process leading up to an appeal.

Thus, proper procedure should be for the circuit clerk to present any such letters regarding appeals or motions to a trial judge.  The judge should then, in the interest of justice and fundamental fairness, interpret any requests to appeal as a request to begin the process of preserving a defendant's appeal rights and appoint counsel.  This does not require interpreting letters such as that filed by defendant here as actual postplea motions, but only as a request to begin the process of preserving his appeal rights as admonished by the trial court.  Counsel is then required to be appointed because once a defendant demonstrates his desire to appeal, even if not in compliance with the Rule 604(d)'s written-motion requirement, the judge is obligated to inquire whether he seeks counsel.  People v. Griffin, 305 Ill. App. 3d 326, 330, 713 N.E.2d 662, 665 (1999).

The Act establishes a three-stage process for adjudication of a postconviction petition.  People v. Boclair, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002).  If a defendant's petition is not dismissed as frivolous or patently without merit, a defendant's petition proceeds to stage two, where section 122-4 of the Act provides for the appointment of counsel for an indi-

gent defendant. 725 ILCS 5/122-4 (West 2006). At this stage, the State may file a motion to dismiss or answer the petition (725 ILCS 5/122-5 (West 2006)), and the trial court determines whether the petition makes a substantial showing of a constitutional violation (Coleman, 183 Ill. 2d at 381, 701 N.E.2d at 1072). If the petition is not dismissed at stage two, it proceeds to stage three, where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2006).

As we have determined defendant's petition for postconviction relief is not frivolous or patently without merit, we remand to the trial court for second-stage proceedings under the Act.

Finally, we address defendant's attempt to raise for the first time in his reply brief the issue of the constitutionality of the MSR statute, section 5-8-1(d) of the Unified Code. While, as defendant points out, the constitutionality of a statute may generally be raised at any time (People v. Christy, 139 Ill. 2d 172, 176, 564 N.E.2d 770, 772 (1990)), issues raised for the first time in a reply brief, even when they deal with the constitutionality of a statute, may not be considered. Owens v. Green, 400 Ill. 380, 407-08, 81 N.E.2d 149, 164 (1948); Maun v. Department of Professional Regulation, 299 Ill. App. 3d 388, 399, 701 N.E.2d 791, 799 (1998); People v. Coleman, 78 Ill. App. 3d 989, 992, 398 N.E.2d 185, 186 (1979). Thus, we will not consider defendant's argument as to the constitutionality of section 5-8-1(d) of the Unified Code.

After carefully reviewing the trial court record and the trial court's reasoning and conclusions, we find the trial court improperly dismissed the petition on its merits as frivolous and patently without merit. Defendant's petition requires a response from the State before the trial court may consider dismissal. Defendant is entitled representation by counsel and to his day in court.

## III. CONCLUSION

For the foregoing reasons, we deny OSAD's motion for leave to withdraw. We also reverse the trial court's dismissal of defendant's petition for postconviction relief and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

MYERSCOUGH and COOK, JJ., concur.