(No. 105953.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DERRICK M. BROOKS, Appellee.

*Opinion filed April 16, 2009.*

Lisa Madigan, Attorney General, of Springfield, and Frank Young, State's Attorney, of Danville (Michael A. Scodro, Solicitor General, and Michael M. Glick and Eric

M. Levin, Assistant Attorneys General, of Chicago, and Norbert J. Goetten and Robert J. Biderman, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Michael J. Pelletier, State Appellate Defender, Gary R. Peterson, Deputy Defender, and Colleen Morgan, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

After pleading guilty to one count of criminal sexual assault, the defendant, Derrick M. Brooks, was admonished by the circuit court of Vermilion County pursuant to Supreme Court Rule 605(b) (210 Ill. 2d R. 605(b)) that if he wanted to appeal he first had to file a motion to withdraw his guilty plea or reconsider his sentence as required by Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). Defendant did not file such a motion but, instead, sent a letter to the clerk of the circuit court stating that he "want[ed] to appeal [his] sentencing." The circuit court clerk filed the letter as a notice of appeal. Subsequently, in an unpublished order, the appellate court dismissed defendant's appeal for failure to comply with the postjudgment motion requirement of Rule 604(d). *People v. Brooks*, No. 4—03—0691 (2005) (unpublished order under Supreme Court Rule 23).

Thereafter, defendant initiated the present action by filing a *pro se* postconviction petition seeking to have his sentence vacated. In his petition, defendant alleged that

the circuit court had violated his "constitutional rights to due process and equal protection of the law" when it failed to appoint counsel "to amend and adequately present" defendant's letter "as a motion for reconsideration of sentence." In addition, defendant alleged that he had received ineffective assistance of counsel because his trial attorney had told him to send the letter. The circuit court summarily dismissed the petition as frivolous and patently without merit.

On appeal, the appellate court did not address defendant's allegation that he had received ineffective assistance of counsel but, instead, held that defendant's allegation of a due process violation was sufficient to preclude summary dismissal of the petition. Accordingly, the appellate court reversed the judgment of the circuit court and remanded the cause for further proceedings. 377 Ill. App. 3d 836.

We granted the State's petition for leave to appeal (210 Ill. 2d R. 315) and now affirm the judgment of the appellate court. We do so, however, on the ground that defendant's allegation of ineffective assistance of counsel, rather than his allegation of a due process violation, provides a basis for advancing his postconviction petition past the summary dismissal stage.

## Background

On June 6, 2003, defendant pled guilty to one count of criminal sexual assault in exchange for dismissal of other charges. No agreement was reached on sentencing. Following a hearing on July 30, 2003, the circuit court sentenced defendant to eight years' imprisonment.

After imposing sentence, the circuit court admonished defendant in accordance with Supreme Court Rule 605(b) that he had the right to appeal, but that before doing so he first had to "file in this court a written motion asking for leave to withdraw [his] plea or asking [the court] to reconsider the sentence" as required by Supreme Court

Rule 604(d). The court also informed defendant that the clerk of the circuit court would provide him with a written copy of the appeal rights and requirements that had been explained to him and stated that his attorney would "go over [them] with you in detail if you wish." When asked, defendant stated that he understood the circuit court's admonitions.

Eight days later, on August 7, 2003, defendant sent a handwritten letter to the clerk of the circuit court, which stated:

"Ms. Miller

I[n] regards to case #2002CF243, I would like to know if possible I could get my transcripts regarding my case, as I've been convicted. I would gladly appreciate you sending those A.S.A.P. I'll be shipping out possibly 8-7-03. over→

Thank You

Sincerely Derrick M. Brooks"

The letter continued on the back side:

"② Also I want to appeal my sentencing on case no. 02/CF/ 243.

Furthermore will you send me my mittimus papers as soon as possible to me in D.O.C."

The clerk of the circuit court filed the letter as a notice of appeal on defendant's behalf pursuant to Supreme Court Rule 606(a) (210 Ill. 2d R. 606(a)) ("[i]f the defendant so requests *** in writing, the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant"). The Office of the State Appellate Defender was then appointed as counsel for defendant and continued with the appeal.

On May 16, 2005, the appellate court entered an order dismissing defendant's appeal. *People v. Brooks*, No. 4—03—0691 (2005) (unpublished order under Supreme Court Rule 23). Citing to *People v. Flowers*, 208 Ill. 2d 291 (2003), the appellate court noted that under Supreme Court Rule 604(d) the filing of an appropriate postjudgment motion is a condition precedent to an ap-

peal following a guilty plea and that without such a motion dismissal of the appeal is required. The court then held that defendant's letter of August 7, 2003, could not be construed as a motion to reconsider his sentence. The court stated:

"Nothing contained in the letter defendant sent to the circuit clerk suggests, even remotely, that defendant was interested in having the trial court reconsider the sentence it imposed. To the contrary, the clear import of the language defendant employed was that he wished to appeal, and pursuant to her duty under Supreme Court Rule 606(a) *** that is what the circuit clerk did. *** In this case, absolutely no objective indication suggested that defendant intended anything other than to appeal." *Brooks*, No. 4—03—0691 (unpublished order under Supreme Court Rule 23).

Accordingly, because defendant had failed to comply with the postjudgment motion requirement of Rule 604(d), the appellate court dismissed defendant's appeal. This court denied defendant's petition for leave to appeal from the appellate court's judgment on September 29, 2005. *People v. Brooks*, 216 Ill. 2d 697 (2005) (table).

On December 12, 2005, defendant filed a *pro se* petition for postconviction relief. The petition contained two allegations. First, defendant alleged that "the trial court violated his constitutional rights to due process and equal protection of the law, when the court failed to appoint counsel, as required by Supreme Court Rule 604(d), to amend and adequatedly [*sic*] present to the court Petitioner's letter to the court requesting to appeal his sentence, as a motion for reconsideration of sentence." Second, defendant alleged that his sixth amendment right to effective assistance of counsel had been violated.

With respect to this latter claim, defendant stated in his petition and accompanying affidavit that, following the imposition of sentence, he expressed concern to his trial attorney about the length of the sentence he had received. According to defendant, he told counsel that he

was under the impression that he and the State had an agreement for a four-year sentence in exchange for defendant's guilty plea. Defendant further alleged that, rather than filing a motion either to reconsider the sentence or to withdraw the guilty plea, "counsel provided [defendant] with erroneous advice by advising him [to] 'write the judge a letter and tell him you want to appeal your sentence.' " The circuit court summarily dismissed the postconviction petition as frivolous and patently without merit.

Defendant filed a notice of appeal, and the Office of the State Appellate Defender was again appointed to represent him. However, defendant's appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), asserting that defendant's postconviction appeal presented no issues of arguable merit. Defendant, proceeding *pro se*, responded to the motion, and filed additional points and authorities with the appellate court. The State filed an appellee's brief.

On December 26, 2007, the appellate court denied the Office of the State Appellate Defender's motion for leave to withdraw, reversed the judgment of the circuit court summarily dismissing defendant's postconviction petition, and remanded the cause for further proceedings. 377 Ill. App. 3d 836. In so ruling, the appellate court acknowledged that it had held, in defendant's direct appeal, that defendant failed to comply with the postjudgment motion requirement of Rule 604(d). Nevertheless, the court concluded that this failure did not bar consideration of defendant's constitutional claims. 377 Ill. App. 3d at 839. The appellate court then held that in those cases where a defendant who has pled guilty does not comply with Rule 604(d), but indicates a desire to appeal, principles of due process require the circuit court to take steps to ensure that the postjudgment motion

requirement is met, even if the defendant was properly admonished under Rule 605(b).

The appellate court explained that the proper procedure for the circuit clerk to follow when presented with a defendant's request to appeal from a guilty plea is to forward that request to the circuit court judge. According to the appellate court, "[t]he judge should then, in the interest of justice and fundamental fairness, interpret any requests to appeal as a request to begin the process of preserving a defendant's appeal rights and appoint counsel" who would help craft the proper postjudgment motion. 377 Ill. App. 3d at 840. Such a procedure is necessary, the appellate court held, in order to protect a defendant's "right to due process and the perfection of an appeal." 377 Ill. App. 3d at 839. Because that procedure was not followed in this case, the appellate court reversed the summary dismissal of defendant's postconviction petition and remanded for further proceedings. This appeal followed.

## Analysis

The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)) "provides a procedural mechanism in which a convicted criminal can assert 'that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' " *People v. Harris*, 224 Ill. 2d 115, 124 (2007), quoting 725 ILCS 5/122—1(a) (West 2002). A circuit court may summarily dismiss a postconviction petition if it determines that the petition is "frivolous or patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2006). A postconviction petition is considered frivolous or patently without merit if the allegations in the petition, taken as true and liberally construed, fail to present the " 'gist of a constitutional claim.' " *People v. Edwards*, 197 Ill. 2d 239, 244 (2001), quoting *People v. Gaultney*,

174 Ill. 2d 410, 418 (1996). The summary dismissal of a postconviction petition is subject to *de novo* review. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

Supreme Court Rule 604(d) sets forth the requirements a defendant must follow when appealing from a judgment entered on a plea of guilty. Rule 604(d) states, in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 210 Ill. 2d R. 604(d).

Rule 605(b) works in conjunction with Rule 604(d) and provides the admonitions the circuit court must give a defendant who has pled guilty without a negotiated sentence. Rule 605(b) states in relevant part:

> "In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> (1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> * * *
>
> (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions[.]" 210 Ill. 2d R. 605(b).

As noted, the appellate court in the case at bar acknowledged that defendant was properly admonished under Rule 605(b) at the time he received his sentence.

The appellate court further recognized that defendant did not comply with the postjudgment motion requirement of Rule 604(d) and, therefore, in accord with previous decisions of this court, dismissal of the direct appeal was required. See, *e.g.*, *People v. Flowers*, 208 Ill. 2d 291, 301 (2003), citing *People v. Jamison*, 181 Ill. 2d 24, 28-29 (1998). Nevertheless, the appellate court held that defendant's postconviction petition alleged the gist of a constitutional claim. According to the appellate court, once defendant sent the letter to the clerk of the circuit court, principles of due process required the circuit court to take further steps to ensure that the postjudgment motion requirement was met and defendant's right to appeal preserved. We disagree.

The appellate court's reasoning has previously been rejected by this court. In *People v. Foster*, 171 Ill. 2d 469 (1996), we held that, once a defendant has been properly admonished under Rule 605(b), a defendant's right to due process is not violated if he is thereafter held to the consequences of failing to comply with Rule 604(d). We stated:

"Rule 605(b) mandates that trial judges admonish defendants regarding the requirements of Rule 604(d), thus ensuring that the ramifications of noncompliance comport with due process. 145 Ill. 2d R. 605(b). Having been instructed regarding Rule 604(d)'s mandates, a defendant cannot then argue procedural unfairness when he suffers the ramifications of his noncompliance." *People v. Foster*, 171 Ill. 2d 469, 472 (1996).

To be sure, this court has held that, in unique circumstances, fundamental fairness may excuse the failure to file a timely postjudgment motion. See *People v. Belcher*, 199 Ill. 2d 378 (2002) ("ends of justice" would be served by permitting defendant to file a late motion to withdraw his guilty plea where all parties were operating under a misapprehension of the law pertaining to the insanity defense at the time the plea was entered). But

the appellate court's decision in this case was not based on a finding of any unusual facts accompanying defendant's failure to comply with Rule 604(d). Rather, the appellate court adopted a general rule that would excuse noncompliance with Rule 604(d) in every instance in which a defendant expresses a desire to appeal, and eliminate the need for Rule 605(b) admonitions altogether. We decline to adopt this rule and, instead, reaffirm our holding in *Foster*. Contrary to the reasoning of the appellate court here, because the circuit court properly admonished defendant under Rule 605(b), it was not a violation of defendant's procedural due process rights to hold him "responsible for noncompliance with the strictures of Rule 604(d)." *Foster*, 171 Ill. 2d at 473. Accordingly, we conclude that the appellate court erred in holding that defendant's postconviction petition states the gist of a due process violation.

Before this court, defendant does not primarily contend that he was denied due process of law but, instead, maintains that he was "denied his right to counsel under the U.S. and Illinois Constitutions" during the postplea proceedings because the circuit court did not appoint counsel for defendant after the letter was sent. This argument is not well taken. Defendant's own postconviction petition makes it clear that he met with his trial attorney after the sentencing hearing and discussed appealing the sentence that had been imposed. Given that defendant himself has admitted in his petition that he had counsel during the postplea proceedings, it cannot reasonably be said that he was denied his right to counsel during that time.

Defendant also argues, however, that his trial attorney was constitutionally ineffective in advising him to send the letter. According to defendant, his trial attorney's advice was clearly erroneous in light of Rule 604(d) and therefore constituted deficient performance

under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Further, defendant alleges that he was prejudiced by his attorney's deficient performance because, in relying on his attorney's advice to send the letter, he lost the right to his direct appeal. Citing to, *inter alia*, *People v. Ross*, 229 Ill. 2d 255 (2008), defendant maintains that he received constitutionally ineffective assistance of counsel and, thus, his postconviction petition should not be summarily dismissed. See *Ross*, 229 Ill. 2d at 261 (" '[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal' "), quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 145 L. Ed. 2d 985, 1000, 120 S. Ct. 1029, 1039 (2000).

The State, in response, does not dispute defendant's argument. Instead, the State has expressly conceded both in its reply brief and at oral argument that the allegations in defendant's postconviction petition, taken as true, present the gist of a claim of ineffective assistance of counsel. We accept this concession and agree that defendant's claim of ineffective assistance provides a basis for advancing his postconviction petition past the summary dismissal stage. Accordingly, we affirm the judgment of the appellate court and remand this cause to the circuit court for further proceedings consistent with this opinion.

### Conclusion

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*