2023 IL App (4th) 220432

NO. 4-22-0432

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| | ) | Appeal from the |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Winnebago County |
| | ) | No. 21CF1353 |
| v. | ) | |
| | ) | |
| BENNETT STEWART, | ) | Honorable |
| Defendant-Appellant. | ) | Joseph G. McGraw, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justice Zenoff concurred in the judgment and opinion.
Justice Doherty concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        In May 2022, defendant, Bennett Stewart, pleaded guilty to one count of aggravated battery, a Class X felony (720 ILCS 5/12-3.05(e)(1) (West 2020)), and received a 19-year sentence in the Illinois Department of Corrections (DOC). Just days later, he filed a *pro se* notice of appeal, listing a hodgepodge of claims and demands. He now asks us to strike the notice of appeal, treat one page of the notice as a motion to withdraw his guilty plea, and remand with instructions to appoint him counsel and allow him to file an amended postplea motion. Because defendant failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), we dismiss the appeal.

¶ 2                                I. BACKGROUND

¶ 3          On May 19, 2022, defendant appeared with his privately retained counsel for a guilty-plea hearing where, pursuant to a fully negotiated plea agreement, he pleaded guilty to one count of aggravated battery, a Class X felony (720 ILCS 5/12-3.05(e)(1) (West 2020)), and admitted two probation violations. Per defendant's agreement with the State, the trial court sentenced him to 19 years in DOC, followed by 3 years' mandatory supervised release, and the State dismissed the remaining counts. The court then admonished defendant regarding his appeal rights, and defendant indicated he understood. Specifically, the court informed defendant, "before you can appeal, you must file in this court within 30 days of today's date, a written notice" requesting "to have the judgments vacated and for leave to withdraw your pleas of guilty, setting forth the grounds for the motions."

¶ 4          Four days later, on May 23, 2022, defendant filed a *pro se* "Notice of Appeal" for case No. 21-CF-1353 with the Winnebago County circuit clerk. The notice referenced "the Appellate Court of Illinois" and noted it was an "appeal from the circuit court for the 17th judicial circuit." The notice contained an enumerated list: "1. Reconsideration of sentence, 2. Mental examination for fitness to stand trial, 3. Ineffective assistance of counsel, 4. Improper admonishments prior to conviction, 5. Demand for a new trial, 6. Demand for a bar associated lawyer." At the top right of defendant's notice, he wrote "See Attached" with an arrow pointing to the right. The envelope included a second, untitled page, appearing to be a letter. It began, "To Whom this May Concern, I, Bennett Stewart wish to appeal for reasons specified below." The letter "move[d] the court of Winnebago County" to do three things:

> "1. Reconsider sentence previously imposed pursuant to 'Illinois Supreme
>
> Court Rule 604(d).'
>
> 2. Enter an order appointing a qualified expert to conduct a mental

examination of defendant to determine and to report: a diagnosis and an explanation as to how defendant's knowledge and understanding of the charge, proceedings, the consequences of the plea, judgment or sentence may have not been fully comprehended pursuant to 725 ILCS 5/104-11.

3. Demand a new trial pursuant to 725 ILCS 5/116-1(b)—based on conduct by attorney, for ineffective assistance of counsel pursuant to 725 ILCS 5/113-3. Where defendant is appointed representation based of [*sic*] financial and case requirements. Upon which conduct will be specified further in detail during appeal process."

Defendant ended the letter by noting, "I hereby disclose a notice of appeal and grounds for reconsideration of sentencing/new trial." The circuit clerk filed defendant's notice and attachment as one notice of appeal.

¶ 5        This appeal followed.

¶ 6                                II. ANALYSIS

¶ 7        This case turns upon whether defendant's postplea filings complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), which presents a legal issue we review *de novo*. *People v. Johnson*, 2019 IL 122956, ¶ 22, 129 N.E.3d 1239.

¶ 8        Defendants enjoy the right to appeal following a guilty plea, but they must first file either a postplea motion to reconsider the sentence or a motion to withdraw the guilty plea, depending upon the nature of the plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); R. 605(c) (eff. Oct. 1, 2001); *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40, 944 N.E.2d 337, 341-42 (2011). As the prerequisite for appealing a judgment entered on a nonnegotiated guilty plea, Rule 604(d) specifically provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

For negotiated guilty pleas, where the State binds itself to a specific sentencing recommendation or range, as we have here, Rule 604(d) likewise requires the defendant to first file a motion to withdraw the guilty plea and vacate the judgment before appealing the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Generally, "failure to file a timely motion under Rule 604(d) precludes the appellate court from considering the appeal on the merits." *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 14, 998 N.E.2d 596 (citing *Skryd*, 241 Ill. 2d at 40). When a defendant files a notice of appeal rather than filing a motion to withdraw the guilty plea, " 'the appellate court must dismiss the appeal.' " *Merriweather*, 2013 IL App (1st) 113789, ¶ 14 (quoting *Skryd*, 241 Ill. 2d at 40).

¶ 9    Defendant concedes the first page of his postplea filing constituted a notice of appeal, but he argues the circuit clerk should have treated the second, untitled page of his *pro se* filing, what he labeled the "attachment," as a Rule 604(d) "post-plea motion." Indeed, asking us to liberally construe his *pro se* filing, he maintains the language used in the second page "indicates that [he] was attempting to file both a notice of appeal and a motion to reconsider his sentence and to withdraw his plea." But this court recently considered compliance "with the procedures for filing a motion to reconsider sentence imposed after a guilty plea or to withdraw such plea" and noted "[a] *pro se* defendant must comply with the rules of procedure required of those represented

by counsel, and a court should not apply more lenient standards to a *pro se* defendant." (Internal quotation marks omitted.) *People v. Cook*, 2023 IL App (4th) 210621, ¶ 32.

¶ 10 The State counters defendant's argument by asserting the circuit clerk properly docketed defendant's postplea, *pro se* filing as an appeal because "the second page is merely a continuation of the first page, which was a notice of appeal." As for the substance of the second, untitled page, the State contends "none of defendant's claims indicate a desire to withdraw his plea," and so "the second page was not a motion to withdraw his plea." The State argues this court lacks jurisdiction and must dismiss the appeal because defendant did not file a Rule 604(d) motion to vacate his guilty plea. While we disagree with the State's claim we lack jurisdiction, we do agree the appeal must be dismissed. *People v. Robinson*, 2021 IL App (4th) 200515, ¶ 11, 197 N.E.3d 683 ("A defendant's failure to comply with [Rule 604(d)] does not deprive us of jurisdiction, but it does preclude us from considering the appeal on the merits, requiring dismissal instead.").

¶ 11 Here, in furtherance of liberal construction and in efforts to avoid dismissal, defendant asks us to interpret the untitled "attachment" included with his notice of appeal as the requisite motion to withdraw the guilty plea, while at the same time asking us to interpret it as a motion to reconsider his sentence. He directs our attention to *People v. Trussel*, 397 Ill. App. 3d 913, 931 N.E.2d 266 (2010). There, the defendant mailed a letter to the Vermilion County circuit clerk, stating:

> " 'I Michael Trussel wish I [*sic*] apeal [*sic*] my case[.] I feel I did not git [*sic*] a
> fair trial[.] My lawyer did not git [*sic*] the video from Walmart[.] He told me a
> [*sic*] did not have a chanc [*sic*] and scared me into taking the plea. I am not guilty.
> They should have the video[.] I feel that the video is key in my defenc [*sic*].' "

*Trussel*, 397 Ill. App. 3d at 914.

The circuit clerk's office filed the defendant's *pro se* letter as a notice of appeal. On appeal, Trussel argued his "*pro se* request was not amenable of resolution through a ministerial act by the circuit court clerk" and his letter "should have been forwarded to a judge, who could then have appointed counsel for the purpose of assisting [him] in perfecting his right to direct appeal." *Trussel*, 397 Ill. App. 3d at 914 (citing *People v. Barnes*, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (1997)). We agreed with Trussel, noting, " 'because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance from counsel in preparing the motion.' " *Trussel*, 397 Ill. App. 3d at 915 (quoting *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988)). We remanded the case to the trial court "with directions to strike the notice of appeal, appoint counsel to represent defendant, and proceed in accordance with Rule 604(d)." *Trussel*, 397 Ill. App. 3d at 915. Defendant likens his case to *Trussel*, even calling his case "more compelling," and requests the same outcome. We must first note *Trussel* was an almost perfunctory order, based on a motion for summary remand by the Office of the State Appellate Defender to which the State filed no response. There, the State apparently conceded what the *pro se* defendant filed was a timely postplea motion asking to withdraw his guilty plea and making claims against his counsel. The "fundamental fairness" standard defendant asks us to adopt from *Trussel* came from another case distinctly different from ours. *Ledbetter* was addressing a trial court's error in failing to appoint counsel for a defendant who also filed what was clearly a *pro se* motion to withdraw plea. Within the context of Rule 604(d), this court found the rule required the trial court *to appoint counsel* for a defendant unless he waives that right. *Ledbetter*, 174 Ill. App. 3d at 237-38. Such is not the case here.

¶ 12        Other than a *pro se* correspondence stating a "wish to appeal," this case differs from *Trussel* in two ways. First, unlike in *Trussel*, defendant here mailed two documents in one envelope, a notice of appeal and an "attachment." Even if we consider the second, untitled attachment as a letter, we cannot ignore that defendant included this correspondence with a titled "Notice of Appeal" and asked us to consider it in conjunction with the acknowledged notice. By contrast, Trussel filed no notice of appeal, filing instead a barely literate letter to the court that said little more than that his attorney scared him into taking a plea and that he was not guilty. The whole tenor of Trussel's letter indicated he wanted to withdraw his plea. Here, defendant's reference to the letter as an "attachment" to the notice indicates he intended the attachment to explain the notice of appeal. Indeed, the attachment expounds upon what defendant put in the enumerated list on the notice page. Plus, we note, prior to filing his notice of appeal, defendant did not seek further clarification of the requirements of Rule 604(d) and did not inquire about the appointment of counsel to assist, nor did he submit any form of postplea motion or letter to the trial court claiming he was not guilty or his plea was involuntary—all things that other decisions have considered the sort of unusual circumstances justifying a failure to comply with Rule 604(d). See *Barnes*, 291 Ill. App. 3d at 550-51; *People v. Griffin*, 305 Ill. App. 3d 326, 329-30, 713 N.E.2d 662, 664 (1999); *Trussel*, 397 Ill. App. 3d at 913-15. We therefore conclude defendant intended his whole filing (the "Notice of Appeal" and the "Attachment") to be a notice of appeal, unaccompanied by any motion—either to withdraw his plea or for reconsideration of his sentence.

¶ 13        Second, and more importantly, unlike in *Trussel*, the substance of defendant's untitled correspondence does not evince a desire to withdraw the guilty plea, let alone set forth grounds for withdrawing the guilty plea. Trussel set forth fact-specific claims, saying his attorney failed to obtain surveillance video and scared him into pleading guilty. Furthermore, Trussel

maintained his innocence and believed the missing video would prove it. Defendant's untitled second page sets forth no specific facts. He instead makes generalized demands for a different sentence, a mental examination, and a new trial with a new attorney—all within the context of issues he intends to pursue "during [the] appeal process." These demands do not indicate a desire to withdraw the guilty plea.

¶ 14　　　　Defendant does not dispute he entered into a fully negotiated guilty plea, nor does he dispute he was properly admonished under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) that he must file a motion to withdraw his guilty plea before appealing. Quoting language in *People v. Foster*, 171 Ill. 2d 469, 472, 665 N.E.2d 823 (1996), the supreme court reaffirmed its holding that, "once a defendant has been properly admonished under Rule 605(b), a defendant's right to due process is not violated if he is thereafter held to the consequences of failing to comply with Rule 604(d)." *People v. Brooks*, 233 Ill. 2d 146, 155, 908 N.E.2d 32, 37 (2009). The court in *Brooks* refused to adopt the broader rule suggested by the appellate court "that would excuse noncompliance with Rule 604(d) in every instance in which a defendant expresses a desire to appeal, and [thereby] eliminate the need for Rule 605(b) admonitions altogether." *Brooks*, 233 Ill. 2d at 156. Instead, the *Brooks* court held, following proper Rule 605(b) admonishments, "it was not a violation of defendant's procedural due process rights to hold him 'responsible for noncompliance with the strictures of Rule 604(d).' " *Brooks*, 233 Ill. 2d at 156 (quoting *Foster*, 171 Ill. 2d at 473). Heeding our supreme court's guidance, we find defendant's failure to comply with Rule 604(d) proves fatal, and consequently, we must dismiss the appeal. *Merriweather*, 2013 IL App (1st) 113789, ¶ 14.

¶ 15　　　　　　　　　　　　III. The Partial Dissent

¶ 16    The partial dissent's conclusion that defendant's pleadings could be both a notice of appeal and a postjudgment motion fails to consider the circumstances and the substance of the pleading at the time it was filed. Counsel and the court are being asked to place themselves in the mind of defendant to glean what he meant by filing his notice of appeal and attachment. This should not be how such decisions are made, especially since the clerks and deputy clerks tasked with filing these *pro se* pleadings do not have the luxury of our legal training and experience. The partial dissent posits we (and by extension the clerk's office staff) should not be "distracted by the form of defendant's *pro se* pleading" and instead "must understand the substance of the relief it requested," but that is exactly the point.

¶ 17    At the time of filing, the clerk's office staff *must* look at the form first. If it says "Notice of Appeal," is captioned "In the Appellate Court of Illinois," and says it is an "appeal from the Circuit Court," it is reasonable to conclude defendant was filing a notice of appeal—in fact, we began our analysis with the observation defendant acknowledged his first page was exactly that. Both defendant and the partial dissent skip over the additional language of the "attachment," which would indicate to a reader who was not blessed with clairvoyance that it was intended to be part of the notice, *i.e.*, the fact that it begins with "To Whom this May Concern: I [defendant] wish to appeal Judge Joseph McGraw, decision in case no. # [*sic*] 21CF1353 for the reasons specified below." Defendant then repeats, with a little more detail, the same list contained in what everyone agrees was a notice of appeal. He then concludes the second page with an assertion that, upon being provided counsel, his claims "will be specified further in detail during the appeal process" and ends with, "I hereby disclose a notice of appeal and grounds for reconsideration of sentencing/new trial."

¶ 18    Already referenced on the page everyone agrees was a notice of appeal, defendant's cryptic, one-sentence reference to a motion to reconsider his sentence (which is not available for a fully negotiated plea) in the "attachment" to his notice was not, and should not, be construed as an entirely separate pleading, as defendant and the partial dissent seek to do. The notice of appeal defendant filed did not contain "the substance of a motion to reconsider sentence," as argued by the partial dissent—merely those words—within the context of issues he sought to raise on appeal. Although it may be possible to parse the words of the "attachment" and remove them from their context as written, the ability to cobble together a reference to a "motion to reconsider sentence" does not make it so. The rationale of the supreme court's language in *Brooks*, and our own directive in *Cook*, tells us how such circumstances are to be addressed. If, after having been properly admonished, a defendant elects to proceed in disregard of the admonishments he received likely no more than two days before (defendant was admonished on May 19, 2022, and his notice was received and filed in the clerk's office on May 23, 2022), he does so at his own risk. "A *pro se* defendant must comply with the rules of procedure required of those represented by counsel, and a court should not apply more lenient standards to a *pro se* defendant." (Internal quotation marks omitted.) *Cook*, 2023 IL App (4th) 210621, ¶ 32. Otherwise, as the supreme court found, adopting a broader rule that would excuse noncompliance with Rule 604(d) in every instance in which a defendant expresses a desire to appeal would "eliminate the need for Rule 605(b) admonitions altogether." *Brooks*, 233 Ill. 2d at 156.

¶ 19    As support for its position we should give defendant's filing a "liberal construction," the partial dissent cites language from *People v. Duke*, 305 Ill. App. 3d 169, 172 (1999), and *People v. Shellstrom*, 216 Ill. 2d 45, 53 (2005). *Duke* involves a *mandamus* petition, while *Shellstrom* addresses a postconviction petition under the Post-Conviction Hearing Act (725

ILCS 5/122-1 *et seq.* (West 2002)). In both instances, there is substantial authority (and logic) allowing for lenity in reviewing such *pro se* petitions. " 'Complaints for writs of *mandamus* \*\*\* are civil in nature. Consequently, indigent prisoners do not have a constitutional right to the appointment of counsel in such cases.' " *Marrero v. Peters*, 229 Ill. App. 3d 752, 754, 593 N.E.2d 1166 (1992) (quoting *Doherty v. Caisley*, 104 Ill. 2d 72, 76, 470 N.E.2d 319, 321 (1984)). Instead, a trial court may, in its discretion, appoint counsel in *mandamus* proceedings. *Marrero*, 229 Ill. App. 3d at 754. In postconviction proceedings at the first stage, petitioners do not have the right to counsel, and it is only after they have adequately alleged the "gist" of a constitutional claim and proceed to the second stage that they are appointed counsel, who is charged with amending the petitioner's claims if necessary. 725 ILCS 5/122-4 (West 2020). Furthermore, both proceedings are collateral attacks on final criminal judgments; they are not motions filed in the same case, after admonishment, and within 30 days of judgment for jurisdictional purposes. In defendant's case, he was given specific directions by the trial court on how to proceed, and he was advised counsel would be appointed for him if he could not afford it. Defendant here stands in stark contrast to a postconviction petitioner who is attempting to file a claim of constitutional deprivation on his own, without directions, and with no right to counsel at the outset or a civil claimant seeking extraordinary relief under a writ of *mandamus*, again without the right to counsel. Taking the "liberal construction" language out of the postconviction or *mandamus* context and applying it here with no supporting authority overlooks precedent such as *Brooks*, *Merriweather*, *Foster*, and *Cook*. The partial dissent concludes the same liberal interpretation should apply because it involves a "defendant whose liberty is at stake in a direct appeal"—a circumstance no different than in the cases cited above that did not result in remand for other reasons. *Infra*, ¶ 29. As our supreme court noted in *Foster*'s predecessor, *People v. Wilk*, 124 Ill. 2d 93, 107, 529 N.E.2d 218, 223 (1988):

- 11 -

"This holding, however, does not leave these defendants without a remedy. The appropriate remedy lies in the Post-Conviction Hearing Act [(Ill. Rev. Stat. 1985, ch. 38, ¶ 122-1 (now 725 ILCS 5/122-1 *et seq.*))]."

¶ 20     The partial dissent's argument is premised on finding that the mere use of the words "reconsideration of sentence," regardless of the context in which they were found, must lead to the conclusion defendant filed *both* a notice of appeal *and* a motion for reconsideration of sentence. To do so requires us to ignore the clear direction of both our supreme court and its rules. It also requires us to take the position espoused by the partial dissent in order to do what is best for defendant and protect him from himself, despite the warnings properly given under Rule 605(c). We do not ponder whether the proper motion was filed; instead, we conclude no motion was filed—only a clearly identified notice of appeal, thereby eliminating the need to determine the nature or propriety of a nonexistent postjudgment motion.

¶ 21     Respectfully, we suggest the issue here is not based on a broader "systemic" view but instead on the record before us and the supreme court's interpretation of its own rule. Recognizing the circumstances otherwise facing clerks' offices when confronted with pleadings such as were filed here only supports the reasoning behind the rule in the first place. We cannot be in the business of trying to guess what a defendant chooses to file, or why, but to consider the filing in light of the facts of the case and the applicable rules.

¶ 22     As a final matter, the partial dissent's reliance on *People v. Kibbons*, 2016 IL App (3d) 150090, ¶ 12, we would suggest, seems equally misplaced. The issue in *Kibbons* was not whether a motion for reconsideration can somehow satisfy the requirements of Rule 605(c) and a defendant's obligation to file a motion to withdraw plea when attacking a fully negotiated sentence, but whether filing the "wrong" motion can at least save a defendant from the time-limit restrictions

on postjudgment motions found in Rule 606(b). It was the timeliness of the motion, not the effect of its substance on the outcome. Here, there was no timeliness issue.

¶ 23                                    IV. CONCLUSION

¶ 24          For all the reasons stated, we dismiss the appeal for failure to file a Rule 604(d) motion.

¶ 25          Appeal dismissed.

¶ 26          JUSTICE DOHERTY, concurring in part and dissenting in part:

¶ 27          I agree that this appeal is procedurally improper and should be dismissed but for reasons significantly different than those relied on by the majority. My disagreement stems from the majority's unstated assumption that defendant's *pro se* pleading is either a notice of appeal or a postjudgment motion. I find no authority for such a conclusion. While defendant has unwisely chosen to combine these two distinctly different pleadings, each should still be given its proper effect. In this case, defendant's request for reconsideration of his sentence means that the contemporaneously filed notice of appeal is rendered ineffective. I would strike the notice of appeal, dismiss the appeal, and remand for consideration of defendant's motion to reconsider sentence.

¶ 28          To be sure, the confusion here began with the filing of a *pro se* document that reflects its author's unfamiliarity with the rules of criminal procedure. The parties disagree about whether the defendant filed one document, one document with an attachment, or two documents. In my view, the answer to this dispute is of no consequence. Instead of being distracted by the form of defendant's *pro se* pleading, we must understand the substance of the relief it requested.

¶ 29          Pleadings filed *pro se* should normally be given a liberal construction. *Duke*, 305 Ill. App. 3d at 172. Even a "clearly labeled *pro se* pleading" need not be "treated in accordance with its label, regardless of the substance of the pleading." *Shellstrom*, 216 Ill. 2d at 53. Indeed, we apply

- 13 -

the same rule to pleadings filed by counsel. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). I see no reason to suspect that the holdings of these cases apply only in other contexts and not to a *pro se* pleading filed by a defendant whose liberty is at stake in a direct appeal. In this case, defendant's *pro se* pleading clearly states his intention to appeal. Just as clearly, however, he "move[s] the Court of Winnebago County, 17th Judicial Circuit, to \*\*\* reconsider sentence previously imposed pursuant to 'Illinois Supreme Court Rule 604(d).' " It does not require a liberal construction to see that defendant's pleading sought to both appeal and request a reconsideration of his sentence.

¶ 30      The consequence of this conclusion is all important. Where a defendant files both a notice of appeal and a timely postjudgment motion, the notice of appeal is rendered ineffective:

> "When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021).

¶ 31      While the majority and I disagree about whether a timely postjudgment motion was filed, my conclusion that one was filed leads to an inescapable conclusion under Rule 606(b): the notice of appeal is ineffective, and we do not have jurisdiction over the appeal.

¶ 32      The majority's discussion of whether the proper motion was filed—a motion to withdraw defendant's plea rather than to reconsider his sentence—has no impact on the foregoing conclusion. "Even though the defendant filed the wrong motion under Rule 604(d), it was a timely motion directed against the judgment \*\*\*." *Kibbons*, 2016 IL App (3d) 150090, ¶ 12. The important issue is not what kind of postjudgment motion was filed but that a postjudgment motion *was* filed.

If a timely postjudgment motion was filed but not ruled on by the circuit court, we simply lack jurisdiction to adjudicate whether it was the right motion or the wrong one.

¶ 33        Whether a timely postjudgment motion is compliant with Rule 604(d) and the circuit court's Rule 605(c) admonishments is, in the first instance, for the circuit court to address. In that context, it would be entirely appropriate for the circuit court to consider cases like *Brooks* and *Cook* in deciding whether a defendant has followed the proper procedure by filing a motion to reconsider his sentence. But those cases are simply not relevant to the jurisdictional question before us. If the notice of appeal was rendered ineffective by a timely postjudgment motion, then the question of whether a defendant complied with Rule 604(d) must be decided by the court that still has jurisdiction over the matter: the circuit court. Rule 604(d) contemplates that, in that process, counsel will make "any amendments to the motion necessary for adequate presentation of any defects" in the prior proceedings. We should not be passing on the sufficiency of the *pro se* pleading until this process has occurred.

¶ 34        Our respective approaches to this case diverge because defendant's appeal and his motion were combined into one document instead of being filed separately. If the majority is correct in concluding that a postjudgment motion was not filed with or as part of the notice of appeal, then the course it has chosen is reasonable. However, given my conclusion that a document that "move[s] the Court of Winnebago County, 17th Judicial Circuit, to *** reconsider sentence previously imposed pursuant to 'Illinois Supreme Court Rule 604(d)' " is exactly what it says it is, I believe Rule 606(b) is triggered. The proper course, then, is to strike the part of defendant's *pro se* pleading that purports to be a notice of appeal, dismiss the appeal for want of jurisdiction, and remand the cause to the circuit court for proceedings on defendant's motion to reconsider sentence. The absence

of an effective notice of appeal is a jurisdictional issue, and we have an independent duty to consider our jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 35   Such a result would be very much in harmony with our prior decision in *Trussel*. There, as here, the defendant's pleading made a specific reference to an appeal, but the appellate court found it difficult to discern what the defendant was really asking for. *Trussel*, 397 Ill. App. 3d at 913. Most importantly, the court concluded that it was important that the defendant have the assistance of counsel in order to file a cogent postjudgment pleading. *Id.* The court agreed with the defendant that "defendant's *pro se* request was not amenable of resolution through a ministerial act by the circuit court clerk" and that it "should have been forwarded to a judge, who could then have appointed counsel for the purpose of assisting defendant in perfecting his right to direct appeal." *Id.* at 914. The court further noted that, " 'because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion.' " *Id.* at 915 (quoting *Ledbetter*, 174 Ill. App. 3d at 237-38).

¶ 36   The *pro se* pleading at issue here is different from that in *Trussel* only in that it is more complete and cogent, and it specifically reflects an intention to appeal. Just as clearly, however, it reflects a motion to reconsider sentence directed to the circuit court. The majority's approach is to give effect only to the former and not the latter. To the contrary, Rule 606(b) clearly requires that it is the motion that must be addressed and the notice of appeal treated as ineffectual. The logic of *Trussel* is even more applicable here, where there is an explicit motion to reconsider sentence bundled with the notice of appeal. As in *Trussel*, I believe it is necessary to strike the notice of appeal and remand the cause to the circuit court to permit counsel to assist defendant in presenting his claims for relief.

¶ 37       I agree with the majority that it is unreasonable to expect the circuit clerk to have detected that a document labeled as a notice of appeal also recited that it was a motion to reconsider sentence. But the issue here is not what we can or cannot expect from a circuit clerk; our task is to find the proper resolution of the issues in this defendant's case. We can speculate about why the pleading at issue was filed by defendant *pro se*, rather than by his counsel, but the record simply does not give us an answer. As in *Trussel*, however, we can ensure that defendant has the assistance of counsel in the preparation of his motion. If the majority is concerned that there would be ramifications from such an approach in future cases that would affect future expectations of our clerks, that is a systemic question that must find a systemic answer. Certainly the limits of the expectations we place on circuit clerks cannot also be the ceiling on the relief the justice system provides, and it should not be so here. In the resolution of this case, I conclude that defendant's mistake of form should not lead to a dismissal of his appeal without remand as per *Trussel*.

*People v. Stewart*, 2023 IL App (4th) 220432

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 21-CF-1353; the Hon. Joseph G. McGraw, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Mariah K. Shaver, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, David J. Robinson, and Connor Goetten, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |